594 F.2d 1040
 4 Fed. R. Evid. Serv. 906
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE 1968 PIPER NAVAJO TWIN ENGINE AIRCRAFT, SERIAL NUMBER
PA-31-336, MEXICANAVIATION REGISTRATION NUMBER
XA-GAL, Defendant,
Lineas Aereas Del Centro, S.A. de C.V., Claimant-Appellant.
 No. 78-2953
Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 May 9, 1979.
 
 Homero M. Lopez, Brownsville, Tex., for claimant-appellant.
 J. A. Canales, U. S. Atty., Jose A. Berlanga, Helen M. Eversberg, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.
 Appeal from the United States District Court for the Southern District of Texas.
 Before CLARK, GEE and HILL, Circuit Judges.
 PER CURIAM:
 
 
 1
 We affirm this aircraft forfeiture on the basis of Judge Bue's findings of fact and conclusions of law, appended hereto, wherein the facts are sufficiently stated.
 
 
 2
 To those conclusions we add only the following. Appellant urges to us that the authenticated matter referred to in Conclusion No. 3 was furnished the United States long before trial, in ample time for it to prepare to meet it. Hence, counsel urges, it should have been admitted under the "catch-all exception" to the hearsay rule, 803(24), Federal Rules of Evidence, reading as follows:
 
 
 3
 (24) Other exceptions. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant.
 
 
 4
 As amended Pub.L. 94-149, § 1(11), Dec. 12, 1975, 89 Stat. 805.
 
 
 5
 It is said that the "validity of the document on file should not be based on naming the correct number of the rule . . . but to see that the interest of justice will best be served by the admission of the statement . . . ." This misses the point. It is true that appellant furnished translations of the documents in question to the United States long before trial, as attachments to a motion to file them pursuant to Rule 902(3), Federal Rules of Evidence. But this rule pertains only to dispensing with extrinsic evidence of the documents Authenticity as a condition precedent to their admissibility. A motion made under it is not sufficient to put the opponent on notice that the proponent means to offer it in evidence.
 
 
 6
 Thus we do not treat here of naming the correct number of a rule, but of whether the notice required by the catch-all exception was given so that the opponent was warned to prepare to meet the matter in question. Had appellant notified the government of "his intention to offer the statement and the particulars of it," this would doubtless have been sufficient to predicate admissibility under Rule 803(24)[1] without specific reference to the rule, though the latter would be the better practice. Here the reference was to a different rule, one with a different purpose and effect. Thus fair notice was not given.
 
 
 7
 AFFIRMED.
 
 APPENDIX
 
 8
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLE
 
 TABLE
 FINDINGS OF FACT AND CONCLUSIONS OF LAW
 Introduction
 
 9
 On July 3, 1978, this case was tried on the stipulation of the parties without the presentation of live witnesses. The parties agreed to the applicable provisions of law, as well as to the fact that the Government had probable cause to seize the aircraft made the basis of this forfeiture proceeding. While claimant concedes that its aircraft was used to smuggle drugs and that without more it would be subject to forfeiture, it asserts that the plane was stolen at gunpoint from one of its pilots and is thus protected from forfeiture. The Government agrees that if the plane was stolen it would not be subject to forfeiture, but it vigorously argues that the only evidence of this fact presented by claimant is (1) the inadmissible hearsay statement given to a representative of the Mexican Public Penal Ministry by Captain Carlos Enrique Espejel Gomez, claimant's employee from whom the plane was allegedly stolen, and (2) the inadmissible hearsay deposition testimony of Manuel Arguellas Mejia, president of claimant, in which he reports the substance of a conversation he had with Captain Gomez concerning the purported theft of the aircraft.
 
 
 10
 After examining the Federal Rules of Evidence and the relevant case authority, the Court concludes that the above-mentioned evidence of theft is hearsay which does not fit any of the numerous exceptions to the hearsay rule and is therefore inadmissible. In the absence of this inadmissible evidence, claimant has failed to meet its burden of proving that the plane was stolen; therefore, the Government must prevail.
 
 Findings of Fact
 
 11
 1. On July 5, 1976, based on probable cause, the defendant aircraft was seized by special agents of the Drug Enforcement Administration in or near McAllen, Hildago County, Texas.
 
 
 12
 2. A search of the aircraft revealed approximately 1,000 pounds of marihuana.
 
 
 13
 3. A complaint seeking forfeiture of the vehicle pursuant to 19 U.S.C.A. § 1595(a) (1965) and 49 U.S.C.A. §§ 781, 782 (1963) was filed on December 13, 1976.
 
 
 14
 4. On or about March 11, 1977, an answer to the complaint of forfeiture was filed on behalf of the claimant, Lineas Aereas Del Centro, S.A., as the registered owner of the airplane.
 
 
 15
 5. Claimant has failed to prove that the aircraft in question was stolen from it at the time it was being used to illegally transport contraband into the United States.
 
 Conclusions of Law
 
 16
 1. Jurisdiction is proper pursuant to 28 U.S.C.A. §§ 1345 and 1355.
 
 
 17
 2. Defendant aircraft was legally seized by Drug Enforcement Administration agents pursuant to 49 U.S.C.A. §§ 781, 782.
 
 
 18
 3. Documentary evidence of a statement given to the Mexican Public Penal Ministry authorities by aviation pilot Captain Carlos Enrique Espejel Gomez on August 7, 1976, is inadmissible hearsay. Although the Government has stipulated to the authenticity of this document pursuant to Rule 902(3), Fed.Rules of Evid., it contends that the document is nonetheless hearsay in that the declarant was not subject to cross-examination at the time the statement was made and did not testify at trial. Claimant argues that satisfaction of Rule 902 authenticity requirements renders hearsay precautions irrelevant. The Court cannot accept claimant's position, however, as authentication is a separate requirement from the hearsay rules. As stated by Judge Jack B. Weinstein in his treatise on evidence: "Merely because a document is authenticated does not mean it is admissible. It may, for example, need to meet the hearsay requirements if it is offered to prove the truth of assertions made in it." 5 J. WEINSTEIN & M. BERGER, WEINSTEIN'S EVIDENCE P 901(b)(1)(01) (1976). Rhoads v. Virginia-Florida Corporation, 476 F.2d 82 (5th Cir. 1973).
 
 
 19
 Additionally, the Court finds that the deposition testimony of Manuel Arguellas Mejia in which he describes the substance of a conversation he had with Captain Gomez concerning the alleged theft of the plane is also inadmissible hearsay. The Court notes in passing that claimant has not attempted to rely on the 803(24) catch-all exception to the hearsay rule, and it is inapplicable at this stage in the proceedings given the lack of advance notice of intent to rely on it required by its provisions.
 
 
 20
 4. In the event that any of the foregoing Findings of Fact constitute Conclusions of Law, they are adopted as such. In the event that any of the foregoing Conclusions of Law constitute Findings of Fact, they are adopted as such.
 
 
 21
 Therefore, based on this Court's finding that the defendant aircraft was used to transport contraband in violation of 49 U.S.C.A. §§ 781, 782, it is ordered that one 1968 Piper Navajo twin engine aircraft, serial number PA-31-336, Mexican Aviation Registration number XA-GAL is hereby forfeited to the United States.
 
 
 22
 DONE at Brownsville, Texas, this 3rd day of July, 1978.
 
 
 23
 (s) Carl O. Bue, Jr.
 
 
 24
 (s) United States District Judge
 
 
 
 *
 Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I
 
 
 [1]
 Though the question would still remain for decision whether sufficient "circumstantial guarantees of trustworthiness" attended the documents for their admission. 803(24), Fed.R.Evid