IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 28, 2008

Charles R. Fulbruge III
Clerk

No. 06-51033

UNITED STATES OF AMERICA

Petitioner-Appellee

v.

$92,203.00 in United States Currency

Respondent

ROBERTO GARCIA-BAEZA

Claimant-Appellant

Appeals from the United States District Court
for the Western District of Texas

Before PRADO, ELROD, and HAYNES, Circuit Judges.

PRADO, Circuit Judge:

In this appeal, Claimant-Appellant Roberto Garcia-Baeza ("Garcia") contends that the district court erroneously ordered him to forfeit to the Government $92,203.00 in United States currency that was allegedly found on Garcia's person and in his vehicle. Although Garcia makes numerous claims on appeal, we focus on his assertion that the district court relied on inadmissible evidence when granting summary judgment in favor of the Government. Concluding that the contested evidence contained inadmissible hearsay, we REVERSE and REMAND for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the United States ("the Government"), on April 20, 2005, a grand jury indicted Garcia on a single count of violating 31 U.S.C. § 5332, which makes it a crime to knowingly conceal more than $10,000.00 in cash in order to evade the currency reporting requirements found in 31 U.S.C. § 5316. Section 5316 mandates that a person file a report with the United States whenever that person intends to transport more than $10,000.00 in cash out of the country. The Government asserts that, following a jury trial, Garcia was convicted of violating 31 U.S.C. § 5332 and was sentenced by the district court to twenty-seven months in prison.

The Government then filed the instant civil forfeiture action against $92,203.00 in United States currency—the currency that the Government claims Garcia concealed in an attempt to avoid the currency reporting requirements. Garcia, proceeding pro se, asserted a claim to $40,000.00 of the currency. The Government moved for summary judgment, relying exclusively on an affidavit by Stephen Pena ("Agent Pena"), a Senior Special Agent with Immigration and Customs Enforcement ("ICE"). Garcia responded and made several objections, including that the affidavit was inadmissible because it was not based on the affiant's personal knowledge and that the forfeiture violated the Excessive Fines Clause of the Eighth Amendment. The district court granted the Government's motion without addressing Garcia's arguments and ordered that the money be forfeited. The district court also did not conduct the analysis described in 18 U.S.C. § 983(g) that is required when a claimant asserts that the forfeiture is constitutionally excessive.

Garcia moved for post-judgment relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, claiming that newly discovered evidence cast doubt on the reason put forth by the Government for its decision to detain and arrest Garcia in the first place. The district court denied Garcia's motion.

Garcia timely appealed both the judgment of forfeiture and the denial of his Rule 60(b) motion. The appeals were consolidated and are now before this court. We have jurisdiction pursuant to 28 U.S.C. § 1291 and now turn to the merits of Garcia's arguments.

## II. STANDARD OF REVIEW

This court reviews a district court's order granting summary judgment de novo. Morris v. Equifax Info. Servs., L.L.C., 457 F.3d 460, 464 (5th Cir. 2006). Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of a genuine issue of material fact. Burge v. Parish of St. Tammany, 187 F.3d 452, 465 (5th Cir. 1999). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam). If, however, the moving party carries its initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine issue of material fact. Burge, 187 F.3d at 465.

## III. DISCUSSION

Garcia raises numerous issues on appeal, including that summary judgment was improperly based on inadmissible evidence, that the forfeiture order violated the Eighth Amendment's Excessive Fines Clause, and that newly discovered evidence mandated relief under Rule 60(b). We begin our analysis by addressing the Government's use of hearsay during summary judgment in a civil forfeiture proceeding.

The forfeiture proceedings in this case are governed by the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Pub. L. No. 106-185, 114 Stat. 202. To be entitled to forfeiture under CAFRA, the Government must establish by a preponderance of the evidence that "the property is subject to forfeiture . . . ." 18 U.S.C. § 983(c)(1). As grounds for forfeiture, the Government relies on 31 U.S.C. § 5332(c), which provides that any property involved in a violation of § 5332(a) may be seized and forfeited to the Government. As noted above, § 5332(a) makes it illegal to knowingly conceal more than $10,000.00 in cash in order to avoid filing a report with the Government regarding the transportation of the cash over the border. Thus, the Government must show that the $92,203.00 at issue was money concealed by Garcia with the intent to evade the reporting requirements.

As the party moving for summary judgment, the Government was required to demonstrate that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); Burge, 187 F.3d at 465. Here, the Government relied solely on an affidavit by Agent Pena to establish its entitlement to summary judgment. Agent Pena's affidavit begins with the statement that "the following information was either gathered in the course of my official duties or I know this information of my own personal knowledge." Agent Pena then goes on to explain that on April 12, 2005, officers with the Texas Department of Public Safety pulled Garcia over for speeding. A subsequent consensual search yielded $92,203.00 in cash concealed on Garcia's person and inside his vehicle. Agent Pena also stated that Garcia later told law enforcement officers that he intended to drive his vehicle to Mexico without reporting the currency to customs officials. The affidavit concludes by noting

Garcia's conviction under 31 U.S.C. § 5332. The Government submitted no other evidence in support of its motion for summary judgment.[1]

Garcia asserts that Agent Pena's affidavit is inadmissible under Federal Rule of Evidence 602, which requires that testimony be based on personal knowledge. We agree that Agent Pena's affidavit was clearly not based on personal knowledge but instead was comprised primarily of hearsay statements. Indeed, it is undisputed that Agent Pena was not present when Garcia was initially pulled over by Texas law enforcement, so any information regarding those events could have been obtained only through hearsay. The Government does not offer any argument to the contrary except to suggest that Garcia's own admissions to law enforcement officers, which are described in the affidavit, are not hearsay. That assertion, however, is incorrect. While Garcia's admissions might not be hearsay, see FED. R. EVID. 801(d)(2) (admission of a party-opponent is not hearsay), the law enforcement officers' statements to Agent Pena about Garcia's admissions are hearsay, see FED. R. EVID. 805 (hearsay within hearsay is inadmissible unless both parts are shown to be admissible). Therefore, the affidavit clearly contained hearsay, was not based on personal knowledge, and, under normal summary judgment procedures, is not admissible. See Bolen v. Dengel, 340 F.3d 300, 313 (5th Cir. 2003); see also FED. R. CIV. P. 56(e)(1) (requiring that affidavits be made on personal knowledge).

However, normal summary judgment procedures have not always applied to civil forfeiture proceedings. In the past, the rule in civil forfeitures was that

---

[1] In response to Garcia's motion to strike Agent Pena's affidavit, the Government included two pages of the transcript from Garcia's sentencing in his criminal case in which the district judge found by a preponderance of the evidence that Garcia was responsible for all $92,203.00 in the vehicle. However, this evidence was submitted after summary judgment briefing was complete, and a moving party is typically not permitted to submit new evidence after its initial brief unless the nonmoving party has an opportunity to respond. See Vais Arms, Inc. v. Vais, 383 F.3d 287, 292 & n.10 (5th Cir. 2004). Garcia had no such opportunity to respond; therefore, we do not consider this evidence.

the United States had the initial burden of demonstrating that probable cause existed to seize the currency. United States v. $400,000.00 in U.S. Currency, 831 F.2d 84, 87 (5th Cir. 1987). We defined probable cause as "'reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion.'" United States v. $38,600.00 in U.S. Currency, 784 F.2d 694, 697 (5th Cir. 1986) (quoting United States v. $364,960 in U.S. Currency, 661 F.2d 319, 323 (5th Cir. 1981)). To that end, we permitted the Government to rely on hearsay evidence in establishing probable cause. United States v. One Hundred Twenty-Four Thousand Eight Hundred Thirteen Dollars in U.S. Currency, 53 F.3d 108, 111 (5th Cir. 1995) (per curiam). The burden then shifted to the claimant to prove a defense by a preponderance of the evidence. Id. The claimant, however, was not permitted to rely on hearsay to establish his defense. See United States v. One 1968 Piper Navajo Twin Engine Aircraft, 594 F.2d 1040, 1042-43 (5th Cir. 1979) (per curiam) (adopting district court's opinion that refused to admit hearsay evidence in support of claimant's argument for the forfeited property).

In 2000, however, Congress enacted CAFRA, which altered the procedures by which the Government could obtain a civil forfeiture. The new procedures, which are applicable to this case, provide that "the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture . . . ." 18 U.S.C. § 983(c)(1). Further, if the Government's theory of forfeiture is that the property was involved in the commission of a criminal offense, the Government must establish a "substantial connection" between the property and the offense. Id. § 983(c)(3). The claimant then has the burden of proving that he is an innocent owner by a preponderance of the evidence. Id. § 983(d)(1).[2]

---

[2] The legislative history surrounding CAFRA indicates that Congress was concerned about the ease with which the Government could seize property through the existing,

This increase in the Government's burden—from probable cause to preponderance of the evidence—has caused numerous lower courts to hold that hearsay evidence is no longer permissible post-CAFRA. United States v. .30 Acre Tract of Land, 425 F. Supp. 2d 704, 708 n.3 (M.D.N.C. 2006) ("Additionally, the United States is no longer permitted to rely on hearsay evidence to meet its burden."); United States v. One 1991 Chevrolet Corvette, 390 F. Supp. 2d 1059, 1065-66 (S.D. Ala. 2005); United States v. One Parcel of Prop. Located at 2526 Faxon Ave., 145 F. Supp. 2d 942, 950 (W.D. Tenn. 2001).[3] Indeed, the Government does not argue otherwise, and in fact, appears to have conceded this issue before a different court. See United States v. Six Negotiable Checks in Various Denominations Totaling One Hundred Ninety One Thousand Six Hundred Seventy One Dollars and Sixty Nine Cents ($191,671.69), 207 F. Supp. 2d 677, 683 (E.D. Mich. 2002) ("As the Government recognizes in its reply brief, this elevated standard seemingly precludes any reliance on hearsay, as the Government could have done in a pre-CAFRA case.").

Canons of statutory construction also signal a change in the admissibility of hearsay. Reading the § 983 procedures in their entirety indicates that hearsay evidence (or any other evidence not admissible under the Federal Rules of Evidence) is not permitted in deciding the merits of a forfeiture case. Subsection (j) of § 983 describes the procedures by which the Government may

---

pre-CAFRA, forfeiture procedures. H.R. Rep. No. 106-192, 1999 WL 406892, at *12 (June 18, 1999) ("The government, under the [pre-CAFRA] approach, need not produce any admissible evidence and may deprive citizens of property based on the rankest of hearsay and the flimsiest evidence. This result clearly does not reflect the value of private property in our society, and makes the risk of an erroneous deprivation intolerable." (internal quotation marks omitted)).

[3] There are a few district courts in our circuit that have continued to state that hearsay evidence is permissible; however, in those cases, it does not appear that the parties made hearsay an issue. See, e.g., United States v. $93,029.50 in Currency, Civ. A. No. 07-1097, 2008 WL 1766684, at *2 (W.D. La. Apr. 17, 2008); United States v. 1999 Kenworth Tractor, Civ. A. No. C-04-284, 2005 WL 2648023, at *2 (S.D. Tex. Oct. 17, 2005).

seek a temporary restraining order ("TRO") or injunction in order to seize, secure, maintain, or preserve the property subject to forfeiture (to be followed by a decision on the merits). CAFRA sets the Government's burden at a TRO hearing as probable cause and explicitly provides that "[t]he court may receive and consider, at a hearing held pursuant to this subsection, evidence and information that would be inadmissible under the Federal Rules of Evidence." 18 U.S.C. § 983(j)(3)-(4). If hearsay (or other evidence that is normally inadmissible) was intended to be admissible in all forfeiture procedures under CAFRA, there would be no need for Congress to expressly state that otherwise inadmissible evidence is admissible in TRO hearings. In other words, reading CAFRA as permitting the use of hearsay evidence at all times renders subsection (j)(4) (which applies only to TROs) superfluous. We are to "read a statute as a whole, so as to give effect to each of its provisions without rendering any language superfluous." Waggoner v. Gonzales, 488 F.3d 632, 636 (5th Cir. 2007) (internal quotation marks omitted). Adherence to that rule suggests that hearsay is no longer admissible for purposes of a merits decision in a civil forfeiture case.

In sum, we conclude that the increase in the Government's burden of proof and the decision to single out TRO hearings as exempt from the Federal Rules of Evidence clearly demonstrate that, by enacting CAFRA, Congress intended to end the practice of reliance on hearsay in civil forfeiture decisions. The Government's only argument to the contrary rests on outdated cases that use the pre-CAFRA probable cause standard, which obviously does not apply to this post-CAFRA proceeding. We therefore agree with the lower courts that have directly addressed this issue and hold that courts may no longer rely on hearsay (absent an exception to the hearsay rule) when deciding the merits of a civil forfeiture proceeding brought under CAFRA. Instead, any affidavits submitted by the parties must be based on personal knowledge.

Consequently, the district court erred in this case by not striking Agent Pena's affidavit at the request of Garcia. Without Agent Pena's affidavit, the Government is left with no admissible evidence in support of its motion for summary judgment and has not established that it is entitled to a judgment of forfeiture as a matter of law.[4] Therefore, we must reverse the judgment of the district court and remand for further proceedings consistent with this opinion. See Little, 37 F.3d at 1075 (holding that if movant fails to meet its burden of proof, the motion for summary judgment must be denied).

Because we are reversing and remanding, we need not address Garcia's claim that the forfeiture violated the Eighth Amendment's Excessive Fines Clause. Instead, we leave that question for the district court to decide in the first instance. See Austin v. United States, 509 U.S. 602, 622-23 (1993) ("Prudence dictates that we allow the lower courts to consider [the excessiveness] question in the first instance."). On remand, the district court will be required to conduct the excessiveness analysis described in 18 U.S.C. § 983(g). Our ruling also makes Garcia's claim under Rule 60(b) regarding newly discovered evidence moot, as he will now have an opportunity to present that evidence to the district court. Thus, we decline to address that issue.

## IV. CONCLUSION

Because the district court erred in granting summary judgment to the Government in this civil forfeiture case, we REVERSE and REMAND for further proceedings consistent with this opinion.

REVERSED and REMANDED.

---

[4] To the extent the Government asserts that Garcia's conviction for violating § 5332(a) is sufficient proof in this case, its argument is unavailing. Not only did the Government not introduce any admissible evidence of Garcia's conviction, a conviction for concealing "more than $10,000" is not sufficient to demonstrate a substantial connection to the $92,203.00 at issue in this case.