# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 12, 2009

No. 08-40335
Summary Calendar

Charles R. Fulbruge III
Clerk

LONZO RAINEY, JR, on Behalf of Himself and All Others Similarly Situated

Plaintiff-Appellant

v.

MCWANE INC, doing business as Tyler Pipe

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:06-CV-198

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Lonzo Rainey, Jr. and twenty-three fellow employees (collectively, the "Plaintiffs") appeal the dismissal of their claims for overtime pay under the Fair Labor Standards Act ("FLSA"). The district court granted summary judgment for employer McWane Inc. ("McWane") on the ground that the Plaintiffs were exempt from the FLSA's overtime-pay requirement. For the following reasons, we affirm the judgment of the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

McWane operates a foundry where cast iron products are manufactured. The Plaintiffs are current and former "production supervisors" at this facility. A production supervisor is responsible for supervising a team of subordinate employees in a particular production unit at the foundry. The Plaintiffs filed suit against McWane for failure to pay overtime wages under the FLSA. McWane moved for summary judgment, arguing that the Plaintiffs were exempt from the FLSA's overtime-pay requirement under the "executive capacity" exemption. The district court granted McWane's motion, and the Plaintiffs now appeal.

"We review a district court's grant or denial of summary judgment *de novo*, applying the same standard as the district court." *Robinson v. Orient Marine Co. Ltd.*, 505 F.3d 364, 365 (5th Cir. 2007). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). All reasonable inferences are drawn in favor of the nonmovant. *Robinson*, 505 F.3d at 366. The movant "has the initial burden of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of a genuine issue of material fact." *U.S. v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008). Once this initial burden has been met, the burden shifts to the nonmovant "to demonstrate the existence of a genuine issue of material fact." *Id.* Disputes concerning material facts are "genuine" if a reasonable jury could find in favor of the nonmovant. *Merritt-Campbell, Inc. v. RxP Products, Inc.*, 164 F.3d 957, 961 (5th Cir. 1999).

The FLSA requires employers to pay overtime compensation for nonexempt employees. 29 U.S.C. § 207(a). However, this requirement does not extend to employees who are "employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). Under the controlling

Department of Labor regulation, this "executive capacity" exemption applies to any employee who (1) is paid at least $455 a week, (2) has the "primary duty" of management, (3) regularly directs the work of two or more employees, and (4) has "the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight." 29 C.F.R. § 541.100(a). The district court found that all of these prongs were satisfied and that McWane was entitled to judgment as a matter of law. Appellants contend that there are genuine disputes of material fact as to prongs (2) and (4).

The Appellants first contend that their "primary duty" was not management. An employee's primary duty is "the principal, main, major or most important duty that the employee performs." 29 C.F.R. § 541.700(a). In applying this definition, we look to the aspect of the employee's job that is "of principal value to the employer." *Dalheim v. KDFW-TV*, 918 F.2d 1220, 1227 (5th Cir. 1990). "Factors to consider when determining the primary duty of an employee include, but are not limited to, the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee." § 541.700(a).

Here, McWane presented summary-judgment evidence that the primary duty of the production-supervisor position was management. The Plaintiffs themselves testified that they were each responsible for supervising a team of between ten and thirty employees. For example, lead plaintiff Lonzo Rainey testified that he spent the majority of his time on the production floor "[w]atching, making sure [the employees were] working safe and doing, putting out good work." This is consistent with McWane's standard job description for

the position, which focused on the supervisors' responsibility for "the planning and supervision of subordinate supervisors, hourly and incentive personnel." McWane further required the supervisors to attend managerial and leadership programs, and focused its performance reviews exclusively on the supervisors' leadership and supervisory skills. Finally, the salaried production supervisors were paid more than double what the regular workers in their units were paid. This evidence is more than sufficient to establish that McWane principally valued the production supervisors for their management duties.

In response, the Plaintiffs attempt to obscure the issue by concentrating on management tasks that the production supervisors did *not* perform. However, the Plaintiffs fail to provide any argument that the supervisors' primary duty was non-managerial work; in other words, they fail to negate McWane's summary-judgment evidence. The depositions offered by the Plaintiffs suggest only that the production supervisors engaged in nonexempt production-line tasks when their units were understaffed. There is no evidence that any plaintiff regularly spent a majority of his or her time on such tasks. In fact, the plant's collective-bargaining agreement forbids supervisors from performing basic production labor except in narrow circumstances. Accordingly, the Plaintiffs' evidence fails to create a genuine dispute of material fact. *See Merritt-Campbell*, 164 F.3d at 961.

The Plaintiffs also challenge the district court's conclusion that their "suggestions and recommendations as to the hiring, firing, advancement, promotion or *any other change of status* of other employees are given *particular weight*." 29 C.F.R. § 541.100(a) (emphasis added). An employee's suggestion may be deemed to have "particular weight" even if "a higher level manager's recommendation has more importance and even if the employee does not have authority to make the ultimate decision as to the employee's change in status." 29 C.F.R. § 541.105. Here, McWane presented evidence that the production

supervisors exclusively evaluate provisional workers and provide recommendations as to their hiring as regular employees. The Appellants have not provided any evidence to contradict this practice or indicate that the these recommendations are not typically followed. Accordingly, the district court did not err in granting summary judgment on this point.

For the foregoing reasons, we AFFIRM the judgment of the district court.