UNITED STATES of America, Plaintiff,

v.

**ONE 1973 CHEVROLET IMPALA VIN 1L47H3S204495, with All Appurtenances and Attachments Thereon, Defendant.**

Civil No. 08–2572.

United States District Court, W.D. Tennessee, Western Division.

Aug. 7, 2009.

Christopher E. Cotten, U.S. Attorney's Office, Memphis, TN, for Plaintiff.

Justin A. Gee, Wagerman Law Firm, Memphis, TN, for Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE CLAIM AND ANSWER OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

BERNICE BOUIE DONALD, District Judge.

Before the Court is Plaintiff United States of America's ("Government") Motion to Strike Claim and Answer or, in the Alternative, for Summary Judgment and Order of Forfeiture. (D.E. # 20.) Claimant Tiffany Withers ("Claimant") has filed a response in opposition. (D.E. # 22.) For the reasons stated herein, the Government's motion is **DENIED.**

## I. BACKGROUND

On April 23, 2008, during the execution of search and arrest warrants at 3800 Hillridge Street in Memphis, Tennessee, law enforcement took possession of the defendant vehicle, a 1973 Chevrolet Impala, VIN 1L47H3S204495. (D.E. # 1–4: Aff. of Therman Richardson ("Richardson Aff.") at ¶¶ 5–6.) The search of the residence and seizure of the vehicle occurred as part of a Drug Enforcement Administration ("DEA") investigation into the activities of Charles Floyd, an alleged drug dealer. (*Id.* at ¶¶ 3–4.) The defendant vehicle has been titled in Claimant's name since July 20, 2005, and there is no indication that it has at anytime ever been titled to Floyd. (*Id.* at ¶ 6; D.E. # 20–8: Ex. G to Pl.'s Mot. to Strike Claim or for Summ. J.) According to an affidavit from a DEA official submitted by the Government, however, Claimant is Floyd's girlfriend, and Floyd advised law enforcement that the vehicle actually belongs to him, not to Claimant.[1] (Richardson Aff. at ¶ 6.) The

---

1. The affiant's testimony as to Floyd's previous statement, of course, constitutes hearsay

Government argues that the vehicle is in reality Floyd's, that Floyd titled it in Claimant's name simply as a means of concealing his ownership, and that the defendant vehicle is subject to forfeiture because it constitutes proceeds traceable to the exchange of controlled substances in violation of the federal Controlled Substances Act.

On September 2, 2008, the Government filed a verified complaint seeking forfeiture of the defendant vehicle pursuant to 21 U.S.C. § 881(a)(6). (D.E. # 1: Verified Compl. of Forfeiture.) Claimant filed her verified claim on November 13, 2008, stating that she "is the lawful owner of said property and was lawfully in possession of the property at the time of the seizure." (D.E. # 13: Verified Claim for One 1973 Chevrolet Impala, VIN 1L47H3S204495 at ¶ 6.) Furthermore, records maintained by the Shelby County Register of Deeds show that Gloria Whithers, Claimant's mother, has owned the residence located at 3800 Hillridge since 1997. (D.E. # 20-3: Claimant's Answers to Special Interrogs. ("Ans. to Sp. Interrogs.") at 6; D.E. # 22-2: Ex. A to Claimant's Resp. in Opp'n to Pl's Mot.) Claimant denies that Floyd resided at 3800 Hillridge. (D.E. # 20-4: Claimant's Answers to Interrogs. ("Ans. to Interrogs.") at 10.)

Claimant contends that she purchased the defendant vehicle outright in March 2002 for $1,500 from an individual in her neighborhood named "Al" and that this sale occurred at Claimant's home in the presence of her sister, Tiesha Winters. (Ans. to Sp. Interrogs. at 4; Ans. to Interrogs. at 11.) Claimant states that she used student loans and grants to make the purchase and to later pay for the vehicle's refurbishment, including installation of a new engine and having the vehicle painted.[2] (Ans. to Interrogs. at 6, 8.) Claimant further states that she drove the vehicle infrequently upon first purchasing it, but that she did enter it in car shows and would drive it to "just show it off." (Ans. to Sp. Interrogs. at 6.) Claimant, however, has never insured the vehicle. (Ans. to Interrogs. at 9.) According to Claimant, she met Floyd in August 2003 and began a romantic relationship with him after she had already purchased the vehicle from "Al." (*Id.*) Claimant asserts that, to the best of her knowledge, the defendant vehicle is not traceable to proceeds of drug trafficking and has never been used to transport any illegal drugs. (*Id.* at 3.)

## II. LAW AND ANALYSIS

### A. Federal Forfeiture Law

 Federal law renders subject to forfeiture to the United States

> [a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6). The Government may obtain title to such property by filing an *in rem* civil case naming as the defendant the property to be forfeited. *See generally United States (Drug Enforcement Agency) v. One 1987 Jeep Wrangler Auto., VIN # 2BCCL8132HBS12835*, 972 F.2d 472, 476 (2d Cir.1992) (discussing conceptual foundation of civil forfeiture). Other than where specifically excepted by

---

if offered to prove that the vehicle in fact belongs to Floyd rather than to Claimant. *See* Fed.R.Evid. 801(c).

**2.** Claimant has submitted copies of her student loan papers showing receipt of moneys which Claimant could have used as she says.

statute, the Government bears the burden in a civil forfeiture proceeding of establishing by a preponderance of the evidence that the property at issue is subject to forfeiture. 18 U.S.C. § 983(c)(1); *id.* § 983(i) (listing exceptions); *see, e.g., United States v. One TRW, Model M14, 7.62 Caliber Rifle,* 441 F.3d 416, 418 (6th Cir.2006).

In the instant action, the Government expressly acknowledges that it must prove its case by a preponderance of the evidence. The Government, however, argues that the Court should strike Claimant's claim and answer because Claimant lacks standing or, in the alternative, that the Government is entitled to summary judgment.

## B. Article III Standing

■ Although it concedes that Claimant satisfies the requirements for statutory standing to make a claim to the defendant vehicle, the Government takes the position that Claimant lacks standing under Article III of the United States Constitution. Article III limits the judicial power of the United States to actual cases and controversies, meaning that a party pursuing a claim in federal court must establish standing. *Hein v. Freedom From Religion Found., Inc.,* 551 U.S. 587, 597–98, 127 S.Ct. 2553, 168 L.Ed.2d 424 (2007); *see Loren v. Blue Cross & Blue Shield of Michigan,* 505 F.3d 598, 606–07 (6th Cir. 2007). To have standing, a party must allege a "personal injury fairly traceable" to the conduct in question and show that that this injury is "likely to be redressed by the requested relief." *See Daimler-Chrysler Corp. v. Cuno,* 547 U.S. 332, 342, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006)

(quoting *Allen v. Wright,* 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984)).

■ The Government contends that Claimant can show nothing more than bare legal title to the defendant vehicle, which is insufficient to confer standing under Article III. *See, e.g., United States v. $515,060.42 in U.S. Currency,* 152 F.3d 491, 498 n. 6 (6th Cir.1998) ("[B]are legal title, in the absence of assertions of dominion, control or some other indicia of ownership of or interest in the seized property, is insufficient to confer standing to challenge a forfeiture."). The Government relies upon the fact that Claimant never insured the vehicle and that she possesses no paperwork to corroborate her claims that she refurbished it with her own funds. Furthermore, the Government challenges Claimant's assertion that she obtained the vehicle in March 2002 by pointing out that her title states that she acquired the car on June 22, 2005 and Tennessee motor vehicle records reflect that it was not titled in her name until July 2005.[3] (D.E. # 20–5: Ex. Two ("Duplicate Certificate of Title") to Claimant's Answers to Reqs. for Produc. of Docs.; D.E. # 20–8: Motor Vehicle Record.)

The Court is not persuaded that Claimant lacks standing under Article III. Claimant has unequivocally stated under oath that she purchased the defendant vehicle with her own money, that she personally paid for improvements to it, and that she drove the vehicle (albeit not regularly). Additionally, law enforcement seized the vehicle from property owned by Claimant's mother. While there is certainly evidence to impeach Claimant's assertions and cast doubt on Claimant's credibility, such doubt cannot erase the fact that there is substan-

---

**3.** Although not contained in any verified proof, Claimant states in her response to the Government's motion that she decided simply not to seek proper documentation showing her ownership until after she had made improvements to the vehicle, including replacing the engine.

tial evidence tending to establish that Claimant genuinely exercised dominion and control over the defendant vehicle prior to its seizure. Accordingly, the Government's motion to strike Claimant's answer for lack of standing is denied.

## C. Summary Judgment

### 1. *Legal Standard for Summary Judgment*

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Although hearsay evidence may not be considered on a motion for summary judgment, *Jacklyn v. Schering–Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 927 (6th Cir.1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Thaddeus–X v. Blatter*, 175 F.3d 378, 400 (6th Cir.1999). The evidence and justifiable inferences based on facts must be viewed in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir.2001).

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548. The moving party can prove the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case. *Id.* at 325, 106 S.Ct. 2548. This may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim, or by attacking the nonmoving party's evidence to show why it does not support a judgment for the nonmoving party. 10A Charles A. Wright, Arthur R. Miller and Mary K. Kane, *Federal Practice and Procedure* § 2727 (3d ed. 1998).

Once a properly supported motion for summary judgment has been made, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, 106 S.Ct. 1348.

### 2. *Discussion*

■ The Government's alternative argument is that, even if Claimant does possess standing to assert her claim, the Court should nevertheless grant the Government summary judgment on the grounds that the defendant vehicle was merely titled in Claimant's name and did not constitute property over which she exercised actual dominion and control. For support, the Government relies upon the same basic facts it cited in arguing that Claimant lacks Article III standing—particularly, the title and motor vehicle records suggesting that the vehicle was not acquired until 2005, Claimant's lack of insurance on the vehicle, and her inability to produce documentary evidence confirming that she, rather than Floyd, paid for refurbishing

the car. As with the above discussion of standing, the Court finds that, while there is evidence to contradict Claimant's assertion that she purchased the vehicle in 2002 and subsequently financed improvements to it with her own money, she has made statements under oath that, if credited, establish her as the true and rightful owner of the defendant vehicle. This conflict in the evidence raises a material issue and precludes summary judgment.

Moreover, the Court notes that the Government's support for its position that the defendant vehicle is Floyd's rests upon the hearsay statement of a DEA official, who testified in an affidavit that "Floyd has previously advised me that this vehicle actually belongs to him[.]" (Richardson Aff. at ¶ 6.) The Government does not indicate under what hearsay exception this assertion might be admissible, nor is such an exception readily apparent to the Court. Floyd's purported statements are, therefore, not an appropriate basis for an order of forfeiture. *See United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 508–10 (5th Cir.2008) (holding that, since enactment of the Civil Asset Forfeiture Reform Act (CAFRA) in 2000, hearsay is no longer admissible for purposes of rendering a decision on the merits in most civil forfeiture actions); *United States v. One Parcel of Property Located at 2526 Faxon Ave., Memphis, Tennessee, with All Appurtenances and Improvements Thereon*, 145 F.Supp.2d 942, 950 (W.D.Tenn. 2001) (stating that the Government "cannot proceed on mere hearsay" in a post-CAFRA civil forfeiture case). Likewise, the evidence before the Court—again, namely the affidavit of the DEA official— does not set out specific facts establishing that the purchase and/or refurbishment of the defendant vehicle is traceable to drug proceeds. Thus, while the Government makes much of the paucity of objective, documentary evidence from Claimant to indicate that she is the defendant vehicle's true owner, the Government has offered no competent evidence to establish that the vehicle instead belongs to Floyd, and therefore the Government cannot carry its burden of demonstrating that it is subject to forfeiture. Accordingly, the Court denies the Government's motion for summary judgment.

## III. CONCLUSION

For the reasons stated above, the Government's motion to strike Claimant's claim and answer or in the alternative for summary judgment is **DENIED**. Trial of this case remains set to commence at 9:00 a.m. on September 17, 2009.