**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 20, 2011

No. 10-30909
Summary Calendar

Lyle W. Cayce
Clerk

KENNER FITZGERALD JACKSON,

Plaintiff-Appellant

v.

KATHY BIEDENHARN; PAMELA BOZEMAN; LACY N. JOHNSTON;
ZAKIYYH VAUGHN,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:08-CV-422

Before WIENER, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

When he was nearing the end of a federal prison sentence, Plaintiff-Appellant Kenner Fitzgerald Jackson was transferred to the City of Faith halfway house in Shreveport, Louisiana. Later, Jackson, who is African American, sued four employees of the halfway house for discriminating against him on the basis of his race, asserting violations of 42 U.S.C. §§ 1981, 1982, 1985, and 1986. Specifically, he alleged that because of disciplinary charges he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

received, he was not permitted to leave the halfway house to work, even though a Caucasian resident who received similar charges was permitted to work outside of the halfway house. He also alleged that he was not permitted to leave for other purposes including to go to the doctor, the dentist, or the barber. Accordingly, he asserted, the halfway house employees interfered with his right to make and enforce contracts with potential employers, deprived him of income he would have received as a result of this employment, and conspired to deprive him of his constitutional rights, all because of his race. The district court granted summary judgment in favor of the halfway house employees, and Jackson appeals.

We review de novo a district court's grant of summary judgment. *Nickell v. Beau View of Biloxi*, *L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011). Summary judgment is proper if the evidence shows that there is no genuine dispute as to a material fact. *Id.* If the moving party meets this initial burden, then the burden shifts to the nonmovant to set forth specific evidence to support the claims; the nonmovant may not simply rest on the allegations in the complaint or on "conclusory allegations," "unsubstantiated assertions," or a mere "scintilla of evidence." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir.), *cert. denied*, 131 S. Ct. 355 (2010) (internal quotation marks and citation omitted). We view all facts and draw all inferences in the light most favorable to the party opposing summary judgment. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). However, we may affirm on any basis supported by the record. *Mid-Continent Cas. Co. v. Bay Rock Operating Co.*, 614 F.3d 105, 110 (5th Cir. 2010).

As relevant here, § 1981 prohibits interfering with an individual's right to make or enforce a contract on the basis of race. Jackson does not allege that he entered into or attempted to enter into any contract with the halfway house employees; instead, he alleges that the employees interfered with his attempt to contract with third parties. We have expressed doubt whether § 1981 extends to an action against a party with whom the defendant has not contracted or

sought to contract. *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997). In any event, Jackson has not produced sufficient evidence that he lost any actual contract interest. *See Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 751 (5th Cir. 2001). Jackson points only to his own general, unsubstantiated assertions that he entered into or attempted to enter into contracts with two staffing agencies, but he fails to produce any evidence of, or even describe, terms or obligations under any contract or potential contract. At most, his allegations amount to a mere scintilla of evidence, insufficient to survive summary judgment. *See Duffie*, 600 F.3d at 371. Without any evidence of a tangible contract interest, any potential contract that he might have entered into is at most prospective and speculative and thus cannot form the basis of a § 1981 claim. *See Morris*, 277 F.3d at 751.

To the extent that Jackson's claim is based on an alleged contract with the halfway house, he cannot succeed. Even though Jackson signed numerous forms attesting that he understood and would abide by the halfway house's rules and policies, none of these forms establish a commercial relationship between Jackson and the halfway house. In any event, Jackson does not explain how the employees' actions interfered with any rights he may have had under any agreement with the halfway house.

Section 1982 prohibits racial discrimination in inheriting, purchasing, leasing, selling, holding, and conveying "real and personal property." Jackson argues that his rights to employment and to receive income from employment constitute "property" for purposes of § 1982. Regardless whether Jackson is correct, his claim fails. Unless a plaintiff establishes that a party or parties impaired his ability to enter into a contract for property under § 1981, he cannot establish a § 1982 claim for the deprivation of an interest in property. *Morris v. Office Max, Inc.*, 89 F.3d 411, 414 (7th Cir.1996); *see also Tillman v. Wheaton-Haven Recreation Ass'n Inc.*, 410 U.S. 431, 439-40 (1973) (explaining that the language of §§ 1981 and 1982 stem from the same source and construing the two

3

statutes together). Jackson simply has offered no evidence that the halfway house employees interfered with any property transaction.

Jackson fares no better on his claims under §§ 1985(3) and 1986. Section 1985(3) prohibits conspiracies to deprive a person of equal protection of the laws or of equal privileges and immunities under the laws on the basis of race. *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971). Jackson cannot show that any of the defendants conspired or otherwise agreed to deprive him of his rights. *Crowe v. Lucas*, 595 F.2d 985, 993 (5th Cir. 1979); *see also Green v. State Bar of Tex.*, 27 F.3d 1083, 1089 (5th Cir. 1994) (explaining that an "agreement among the parties" is a necessary element of a § 1985(3) claim). Jackson points to his affidavit and those of other halfway house residents (all of which are practically identical) attesting that the halfway house employees "agreed and conspired" to deny Jackson "equal rights and privileges," but none of these conclusional affidavits provides any discrete facts or details of how or when such an agreement took place. Thus they are not competent evidence. *See United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 508 (5th Cir. 2008) (recognizing that an affidavit not based on personal knowledge is not admissible for purposes of summary judgment). Moreover, the assertions that the defendants entered into an agreement are unsupported by specific facts and thus do not create a genuine issue for trial. *See Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997). Because Jackson's § 1985(3) claim fails, his claim under § 1986 necessarily fails as well. *See Newberry v. E. Tex. State Univ.,* 161 F.3d 276, 281 n.3 (5th Cir. 1998).

Asserting that he was not permitted adequately to discover facts to support his claims, Jackson next challenges the district court's decision to deny his motion to continue discovery under Federal Rule of Civil Procedure 56. The district court did not abuse its discretion because Jackson has not adequately explained how additional discovery would have created a genuine issue of material fact. *See Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161

(5th Cir. 2006).  Jackson lists the additional discovery he seeks, but he fails to address in his brief to this court how any of it would establish that the defendants interfered with a contract interest.  He contends that he was diligent in seeking discovery, but he does not explain any acts that he took in trying to obtain information regarding any contract negotiations with the staffing agencies.  As for evidence of a conspiracy to violate his rights, Jackson explains that he seeks the identities of all of the halfway house employees and residents so that he can obtain affidavits from them regarding, among other things, whether the defendants denied him "equal rights."  At most, this amounts to a vague assertion of what additional discovery might turn up; however, it is insufficient to establish that the district court abused its discretion in not granting a continuance.  *See id*. at 162.

Jackson also challenges the district court's decision to grant summary judgment without holding a hearing and taking testimony.  Jackson had no right to a hearing; indeed, many district courts decide motions for summary judgment without holding hearings.  *Johnson v. United States*, 460 F.3d 616, 619, n. 2 (5th Cir. 2006); *Daniels v. Morris*, 746 F.2d 271, 275 (5th Cir. 1984).  The district court acted within its discretion.  Jackson had ample opportunity to present evidence—in the form of affidavits and other documents—in opposition to the employees' motion for summary judgment.

Jackson has moved to supplement the record on appeal with documents related to his disciplinary record and has asked this court to take judicial notice of related documents.  The halfway house employees have moved to strike these motions and documents.  Generally, we will not supplement the record with evidence that was not before the district court, *McIntosh v. Partridge*, 540 F.3d 315, 327 (5th Cir. 2008); and Jackson has not provided a reason to depart from this general rule. As for the motion to take judicial notice, the facts that Jackson does present are not susceptible of accurate and ready determination and thus are not amenable to judicial notice.  *See United States v. Herrera-Ochoa*, 245

No. 10-30909

F.3d 495, 501 (5th Cir. 2001); FED. R. EVID. 201(b), (f).  In any event, the new documents that Jackson would have this court consider would not change the outcome of his appeal because they do not address the gaps in Jackson's proof addressed above, specifically Jackson's alleged contractual relationships and any alleged agreement among the employees to violate Jackson's rights.

Jackson has also moved to disqualify opposing counsel and to strike the halfway house employees' brief, but he provides no legal grounds that entitle him to this relief.  And, we decline the halfway house employees' request to impose sanctions on Jackson.

The judgment of the district court is AFFIRMED.  Jackson's motions to supplement the record on appeal, for judicial notice, to disqualify counsel, and to strike the appellees' brief are DENIED, and the halfway house employees' motion to strike is GRANTED, but their request for extraordinary relief is DENIED.