# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 28, 2026

Lyle W. Cayce
Clerk

No. 26-10010
Summary Calendar

———————

Dionne M. Pamon,

*Plaintiff—Appellant*,

*versus*

United States Postal Service, an independent agency
within the executive branch; American Postal Workers
Union, AFL-CIO, a labor organization; Vivian N. Hall,
*Individually and in her Official Capacity*; Ricci L. Williams,
*Individually and in his Official Capacity*; Alexander J. Cleger,
*Individually and in his Official Capacity*; Te'Andrea M. Campbell,
*Individually and in her Official Capacity*; Roderick Singleton,
*Individually and in his Official Capacity as a Union Steward*,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:25-CV-539

———————————————————

Before Davis, Wilson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 26-10010

Plaintiff-Appellant Dionne Pamon, proceeding pro se, brought this wrongful death suit against her employer, the United States Postal Service (USPS) and the United States, as the statutory substitute for various USPS supervisors.[1] She also sued her union, the American Postal Workers Union (APWU), and the union's steward, Roderick Singleton. She alleges that Defendants "hinder[ed]" her Family Medical Leave Act (FMLA) request and engaged in unspecified fraud to bring about her wrongful termination. Pamon admits in her complaint that "the factual background" of this case is "substantially analogous" to that of a previous lawsuit—which is still pending—that she filed against the same parties asserting wrongful termination and violations of the FMLA. But in this suit, she asserts a different theory of recovery: that Defendants' conduct caused her husband to experience emotional stress and financial instability, which contributed to his premature death.

Acting on the recommendation of a magistrate judge, the district court dismissed the case. As to the United States and the USPS, the court held Pamon's claims were barred by sovereign immunity. It observed that although Pamon could have avoided sovereign immunity by proceeding under the Federal Tort Claims Act, she failed to administratively exhaust her

---

[1] Pamon originally sued only her individual supervisors. However, the district court substituted the United States for these supervisors pursuant to the Westfall Act, which immunizes federal employees for acts done within the scope of their employment. *See* 28 U.S.C. § 2679(d). Pamon argues on appeal that the United States filed its request for substitution without leave of court. But Pamon provides no support for her assertion that leave of court was required and, regardless, fails to show that she suffered any prejudice from the Government's assertion of the motion without first seeking leave to file it.

No. 26-10010

remedies as required by that statute. Pamon does not address this holding on appeal and has thus abandoned the issue.[2]

Regarding Pamon's claims against the APWU and Singleton, the district court dismissed based on claim splitting. The district court explained that because this suit involves identical parties and, by Pamon's own admission, arises out of the same set of operative facts as her earlier-filed suit, it must be dismissed based on improper claim splitting.[3] We agree. On appeal, Pamon argues that the claim splitting doctrine does not apply where a plaintiff asserts a different injury in the second suit arising from the same facts. This proposition is demonstrably incorrect under our case law.[4] The only case Pamon cites in her brief to support her erroneous theory is a case about civil forfeiture which has no bearing here.[5]

Although the district court properly dismissed the case, we briefly address the preclusive effect of the judgment. The district court dismissed all claims with prejudice. As to Pamon's claims against the United States and the USPS, this was erroneous; dismissals based on sovereign immunity are

---

[2] *See Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (explaining that appellant's failure to address any error in the district court's analysis "is the same as if he had not appealed that judgment").

[3] *See Armadillo Hotel Grp., L.L.C. v. Harris*, 84 F.4th 623, 628 (5th Cir. 2023) (explaining that a second suit is precluded based on improper claim splitting where (1) the parties to the first and second suit are "the same or in privity" and (2) the actions are based on the "same nucleus of operative facts." (internal quotation marks omitted)).

[4] *See Eubanks v. F.D.I.C.*, 977 F.2d 166, 171 (5th Cir. 1992) (holding that when assessing claim splitting, "we look to the factual predicate of the claims asserted, not the legal theories upon which the plaintiff relies.").

[5] *See United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 510 (5th Cir. 2008) (addressing whether hearsay statements could be used to meet the Government's burden in a civil forfeiture case).

jurisdictional.[6] And with respect to Pamon's claims against the APWU and Singleton, dismissals on the basis of claim splitting ordinarily should not preclude the plaintiff from attempting to assert the claim in the pending, first-filed suit.[7]

Accordingly, we AFFIRM the judgment, as modified to provide that (1) the dismissal of Pamon's claims against the United States and the USPS is *without* prejudice and (2) the dismissal of Pamon's claims against the APWU and Singleton is *without* prejudice to her right to attempt to assert the claims in her earlier-filed suit.

---

[6] *See Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020) ("[A] lack of subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. Accordingly, such a dismissal should be made without prejudice." (internal quotation marks omitted)).

[7] *See Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1161 (5th Cir. 1992).