# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 4, 2008

Charles R. Fulbruge III
Clerk

No. 08-30163
Summary Calendar

SHAWN CONNORS

Plaintiff-Appellant

v.

WILLIE GRAVES; BRIAN SMITH; BEN SMITH

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
Case No. 04-906-A-M1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

HAYNES, Circuit Judge:

Shawn Connors appeals an adverse summary judgment on his excessive force, unlawful seizure, and conspiracy claims against law enforcement officers Ben Smith and Brian Smith and the Livingston Parish Sheriff's Office through Sheriff Willie Graves. The district court determined that Connors could not pursue his claims against the defendants because they were entitled to qualified immunity. We affirm the district court's judgment, but we do so on different grounds than did the district court.[1] We hold that Connors's civil claims are

---

[1] See Performance Autoplex II Ltd. v. Mid-Continent Cas. Co., 322 F.3d 847, 853 (5th Cir. 2003) ("We may affirm summary judgment on any legal ground raised below, even if it was

barred under Heck v. Humphrey, 512 U.S. 477 (1994), because success on those claims would necessarily impugn Connors's state criminal convictions which arose from the same underlying facts.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the defendants, Connors attempted to rob Hibernia Bank in Albany, Louisiana, failed in those attempts, and then fled the scene. Law enforcement officers, including officers Ben Smith and Brian Smith, pursued Connors's vehicle. During the pursuit, Connors allegedly fired his weapon at the officers. After numerous attempts to deflate the tires on Connors's vehicle failed, he traversed the median of the interstate and began traveling in the opposite direction. At this point, one of the officers fired his weapon, striking Connors in the forearm. Connors then swerved and struck an occupied vehicle.

Connors filed the present lawsuit seeking damages under 42 U.S.C. § 1983 resulting from the alleged deprivation of his constitutional rights by law enforcement officers acting under the color of state law. In proceedings before the district court in this case, Connors claimed that he never fired at the officers. He alleged that officers Ben Smith and Brian Smith deprived him of his constitutional rights to be free from excessive force and unlawful seizure. He also claimed that the Livingston Parish Sheriff's Office, through Sheriff Willie Graves, acquiesced in and/or condoned this conduct. He also brought a conspiracy claim against the defendants related to this conduct.[2]

The district court stayed Connors's claims pending resolution of state criminal charges arising from the same underlying conduct. Connors subsequently pleaded guilty to discharging a firearm from a motor vehicle under

---

not the basis for the district court's decision.").

[2] Although Connors's complaint also purports to bring negligence and/or gross negligence claims under Louisiana law, the district court declined to exercise supplemental jurisdiction over those claims.

LA. REV. STAT. ANN. § 14:94(E) (1995), a felony under Louisiana law. See LA. CODE CRIM. PROC. ANN. art. 933(3). He also pleaded guilty to attempted simple burglary and negligent injury. Connors's counsel then informed the federal district court of Connors's guilty pleas, stating that "[t]his completes the criminal aspect of this case." He also requested that the court set Connors's claims on an active docket. Connors does not assert in this appeal that he has challenged his criminal convictions, either through a direct appeal or a habeas proceeding, and the record does not indicate that any such action is pending.

The defendants filed a rule 12(b)(6) motion, arguing that Connors's claims were barred by the Heck doctrine or, alternatively, that the defendants were entitled to qualified immunity. After notice, the district court converted the rule 12(b)(6) motion into a summary judgment motion and dismissed Connors's claims on the immunity grounds, expressing no opinion on the applicability of Heck. The district court found that because Connors admitted discharging a weapon at officers when he pleaded guilty under section 14:94(E), the officers necessarily acted reasonably when they used deadly force to effectuate his arrest.

## II. DISCUSSION

On appeal, Connors contends that the district court erred in holding that the defendants were entitled to qualified immunity for their actions. Despite his guilty plea under section 14:94(E), Connors argues that he never fired his weapon at the officers. Connors bases this contention on statements he made during his state court plea colloquy that purportedly demonstrate that he did not understand the charges he admitted to under section 14:94(E). He also relies on an affidavit, executed after the state court proceedings, in which he claims that he never fired at the officers. Based on this evidence, Connors argues that a fact issue exists concerning whether the officers acted reasonably in using deadly force to ensure his arrest.

We review a district court's summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party. Ballard v. Burton, 444 F.3d 391, 396 (5th Cir. 2006). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id.

It is well settled under Heck that when an individual like Connors brings a section 1983 claim against the arresting officers and their supervisors, "the district court must first 'consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.'" Hainze v. Richards, 207 F.3d 795, 798 (5th Cir. 2000) (quoting Heck, 512 U.S. at 487). If so, the claim is barred unless he proves that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487.

Thus, in order to determine whether Heck precludes Connors's section 1983 claims that officers used excessive force and unlawfully seized him, we must first determine whether a judgment in Connors's favor on these claims would necessarily imply the invalidity of his conviction for discharging a firearm from a motor vehicle under section 14:94(E). We conclude that it would.

To prevail on his section 1983 claim for damages due to the officers' purported use of excessive force, Connors must prove that the officers' use of deadly force was objectively unreasonable under the circumstances. See Graham v. Connor, 490 U.S. 386, 395-97 (1989). Connor pleaded guilty to the felony of "discharging a firearm from a motor vehicle located upon a public street or highway" with the "intent . . . to injure, harm, or frighten another human being." § 14:94(E). By pleading guilty under this statute, Connors essentially admitted that the officers acted reasonably in using deadly force to effectuate his arrest. Under LA. REV. STAT. ANN. § 14:20(2) (2006), police officers and other individuals

are entitled to use deadly force "for the purpose of preventing a violent or forcible felony involving danger to life or of great bodily harm" if they "reasonably believe[ ] that such an offense is about to be committed and that such action is necessary for its prevention." Here, the officers had just witnessed Connors commit a violent, potentially deadly felony. Given that their high-speed pursuit of Connors was still in progress, the officers could have reasonably concluded that Connors was about to commit a second violent felony.

This circuit has applied Heck to bar a plaintiff's excessive force claim where officers acted pursuant to similar statutory authority authorizing the use of deadly force. Thus, for example, in Sappington v. Bartee, 195 F.3d 234 (5th Cir. 1999), we held that Heck barred an individual convicted of aggravated assault from bringing an excessive force claim because Texas law permits officers to use force up to and including deadly force to protect against aggravated assault. Id. at 237. The same reasoning applies here. Because section 14:20(2) authorized the use of any force in response to Connors's decision to fire at the officers, a finding that the officers used excessive force would necessarily mean that Connors had not violated section 14:94(E). Thus, Heck bars Connors's excessive force claim because he has not proven that his conviction under section 14:94(E) has been reversed or invalidated.[3]

Connors's other section 1983 claims are barred for the same reasons. Connors cannot prevail on his claim for unlawful seizure unless he proves that the officers lacked probable cause. Fields v. City of South Houston, 922 F.2d 1183, 1189 (5th Cir. 1989). Connors admitted that the officers had probable

---

[3] We note that the Heck doctrine would bar Connors's excessive force claim even in the absence of section 14:20(2). An officer's use of deadly force does not violate the constitution if "the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others." Tennessee v. Garner, 471 U.S. 1, 11 (1985). By pleading guilty to discharging a weapon from a motor vehicle, Connors admitted that the officers had probable cause to use deadly force to apprehend him.

cause to seize him when he pleaded guilty under section 14:94(E) and to attempted simple burglary. See Beck v. Ohio, 379 U.S. 89, 91 (1964) (probable cause exists where a prudent person would believe that the arrested individual had committed or was committing an offense). If Connors were to prevail on his unlawful seizure claim, he would necessarily undermine the validity of these convictions. See State v. Thornton, 521 So. 2d 598, 600 (La. Ct. App. 1988) (guilty plea is a conviction under Louisiana law). Finally, because Connors could not prevail on either of his section 1983 claims without undermining the validity of his criminal convictions, Heck also bars him from bringing section 1983 claims against the Livingston Parish Sheriff's Office or Sheriff Willie Graves. See Rios v. City of Del Rio, 444 F.3d 417, 425-26 (5th Cir. 2006) (supervisor cannot be liable under section 1983 absent underlying constitutional violation). Connors's conspiracy claim is barred for the same reasons. Hale v. Townley, 45 F.3d 914, 920 (5th Cir. 1995) (conspiracy claim is not actionable absent an actual violation of section 1983).

Connors protests that Heck should not bar his section 1983 action for excessive force, and presumably his other section 1983 claims, because his guilty plea under section 14:94(E) can be reconciled with the proposition that he did not fire upon the arresting officers. To support this argument, Connors notes that during his state court plea colloquy the judge asked him to state in his own words what he understood the charges under section 14:94(E) to mean. In response, Connors stated that he "put a weapon in a place where it would possibly be in harm's [way] by other people who could come into contact with it." Thus, Connors argues that he is not trying to create a conflict between his guilty plea and his present claim of excessive force.

Implicit within Connors's argument is the proposition that section 14:94(E) criminalizes the conduct of placing a weapon in a dangerous place. That is not the case. The only conduct criminalized by section 14:94(E) is discharging a

weapon from a motor vehicle. Connors's conviction for that crime cannot be reconciled with his current claims that the arresting officers used excessive force.[4] As this circuit has recognized, the Heck doctrine emanates from the "policy of finality that prevents the collateral attack of a criminal conviction once that matter has been litigated." Ballard, 444 F.3d at 397. We make that determination by examining the elements of the convicted crime and the elements of the civil cause of action–not the statements that the defendant made during his plea colloquy. See id. at 401 (citations omitted) ("[T]he Heck determination depends on the nature of the offense and of the claim."). Connors's contention that he admitted to something other than the crime for which he was convicted constitutes a claim that his guilty plea was not knowing and voluntary–an issue properly raised only in either a direct appeal or a habeas proceeding. Because Connors has not proven success in such an action, his conviction under section 14:94(E) sits as an insurmountable barrier to his section 1983 claims.

Accordingly, we hold that Connors's section 1983 claims are barred under Heck. Thus, we do not reach the defendants' claims that they were entitled to qualified immunity. Performance Autoplex II Ltd. v. Mid-Continent Cas. Co., 322 F.3d 847, 853 (5th Cir. 2003) ("We may affirm summary judgment on any legal ground raised below, even if it was not the basis for the district court's decision."). The district court declined to exercise supplemental jurisdiction over Connors's purported state law claims, and we construe the district court's judgment as a dismissal of those claims without prejudice.

---

[4] From this perspective, Connors's reliance on our recent decision in Bush v. Strain, 513 F.3d 492 (5th Cir. 2008), is misplaced. In Bush, we held that Heck did not bar a plaintiff convicted of resisting arrest from bringing an excessive force claim arising from the same conduct because the plaintiff alleged that the officers' use of excessive force continued after the arrest. Id. at 498. We recognized in that situation that a favorable outcome on the plaintiff's civil claim would not necessarily impugn the validity of her resisting arrest conviction. Id. That factual scenario is not presented here.

AFFIRMED.