# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 31, 2008

Charles R. Fulbruge III
Clerk

No. 08-10634
Summary Calendar

MICHAEL LEBLANC

Plaintiff-Appellant

v.

THE CITY OF WATAUGA, ET AL.

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 07-CV-714

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Michael LeBlanc, proceeding pro se, appeals the district court's grant of summary judgment in favor of defendants-appellees, the City of Watauga and C. D. Riley, in this civil rights action brought under 42 U.S.C. § 1983.[1]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] LeBlanc brought state claims as well, but the lower court declined to exercise jurisdiction over these claims, pursuant to 28 U.S.C. § 1367(c)(3).

LeBlanc alleges that the appellees violated his constitutional rights in seeking, issuing, and executing an arrest warrant against him for stealing a car. The title for the car was held by James Hatcher, a former Collision Masters employee. LeBlanc was a manager for Collision Masters, and he claims that Hatcher fraudulently transferred title for the car to himself from Advantage Automobile Sales, an entity related to Collision Masters.

On September 20, 2005, LeBlanc caused a towing company to repossess this car from Hatcher, who reported the car as stolen. Police investigation revealed that despite the fact that it was accompanied by due paperwork, the repossession was unlawful, as Hatcher in fact produced valid title to the vehicle and thus lawfully possessed it. On September 21, 2005, Detective Riley of the Watuaga Police Department reviewed the case and managed to get the vehicle back to Hatcher. He also spoke with LeBlanc, but the conversation did not go well. The record provides conflicting accounts of the conversation, but the upshot is that Riley informed LeBlanc that he considered the car stolen. For his part, LeBlanc conceded that he had not filed a theft report about the vehicle. He then tried to do so but was only allowed to make out an Information Report because, he was apparently told (for reasons not clear from the record), his complaint about Hatcher was a civil matter only.

On September 23, Riley contacted Assistant Tarrant County District Attorney Alfredo Valverde, recited the facts to him, and after Valverde opined that prosecution of LeBlanc was warranted, prepared a warrant for LeBlanc's arrest. On November 24, Thanksgiving Day, an Arlington police officer pulled LeBlanc over for speeding and arrested him based on the outstanding warrant. Ultimately, LeBlanc's case was no-billed by the grand jury. On November 21,

2007, LeBlanc filed suit in federal court, which granted summary judgment against him on May 22, 2008.

We exercise plenary review of grants of summary judgment.[2] Summary judgment should not be granted unless there is "no genuine issue as to any material fact."[3] We construe LeBlanc's pro se brief liberally.[4] Even so, amidst many arguments, he fails to point out any error in the judgment of the lower court or any violations of his rights committed by the appellees, and he has therefore put no material fact at issue. On the record, he was arrested pursuant to a valid warrant for which there was probable cause. He repossessed a car, the title of which was held by another. Even if, as he maintains (without having provided documentation), the car was fraudulently transferred to Hatcher, his chosen self-help remedy exposed him to the legal consequences that followed.

The judgment of the district court is AFFIRMED.

---

[2] See Connors v. Graves, 538 F.3d 373, 376 (5th Cir. 2008).

[3] FED. R. CIV. P. 56(c).

[4] See United States v. Robinson, 542 F.3d 1045, 1050 (5th Cir. 2008).