# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 12, 2009

No. 08-40374

Charles R. Fulbruge III
Clerk

DANA ALEGRIA

Plaintiff-Appellant

v.

LARRY WILLIAMS, In His Individual Capacity; STATE OF TEXAS;
EDDIE KELLY, Supervisor

Defendants-Appellees

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:06-CV-212

---

Before O'CONNOR, Associate Justice (Ret.),[*] WIENER and STEWART, Circuit
Judges.

SANDRA DAY O'CONNOR, Associate Justice (Retired):[**]

Plaintiff-Appellant Dana Alegria suffered egregious physical and verbal
sexual harassment at the hands of her probation officer. She sued this probation
officer, his supervisor, and the State of Texas, alleging violations of 42 U.S.C.

---

[*] The Honorable Sandra Day O'Connor, Associate Justice of the United States Supreme
Court, (Ret.), sitting by designation pursuant to 28 U.S.C. § 294(a).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§1983 and Title IX of the Education Act Amendments of 1972. On appeal, she challenges the grant of summary judgment of her §1983 claims to the State and both the probation officer and his supervisor in their official capacities. She also challenges the grant of summary judgment to the State on her Title IX claim. Because she seeks only monetary damages, her §1983 claims cannot succeed. Similarly, because she has failed to establish that the State's probation system is an "education program or activity" within the ambit of Title IX, 20 U.S.C. § 1681(a), her Title IX claim also fails as a matter of law. We thus affirm the relevant judgments of the district court.

I.

A. The district court appropriately construed plaintiff's proffered evidence and allegations in her favor in light of the procedural posture in which it confronted them. We briefly summarize the pertinent facts in the same manner: In 1999 plaintiff Dana Alegria began serving a 10 year term of probation under the authority of the Galveston County Community Supervision and Corrections Department. She was placed under the supervision of probation officer Larry Williams in September 2005. On multiple occasions, when she met with Williams in fulfillment of the terms of her probation, he subjected her to egregious verbal and physical sexual harassment. In January 2006 she reported his conduct to the Galveston County District Attorney's office and was advised to make a surreptitious audio recording of her next encounter with Williams. She agreed. Later that month she recorded a meeting during which Williams instructed her to follow him into a stairwell, sexually assaulted her, exposed his penis, and requested oral sex. The next week, defendant Eddie Kelly, the director of the Department and Williams' supervisor, was informed of the misconduct. Kelly soon confronted Williams, and Williams resigned shortly thereafter.

In April plaintiff brought suit under (i) 42 U.S.C. §1983, alleging violations of her rights under the Fourteenth Amendment; and (ii) Title IX of the Education Act Amendments of 1972, 20 U.S.C. § 1681, et seq. Originally, she sued Galveston County and Williams in both his professional and personal capacities. *Alegria v. Texas*, No. G–06–0212, 2007 WL 2688446, at *1 (S.D. Tex. Sept. 11, 2007) (memorandum opinion and order). In a first amended complaint, she dismissed the County, added the State of Texas as a defendant, and dropped her claims against Williams in his personal capacity, but retained the professional capacity claims. *Id.* at *2. Finally, in a "third" amended complaint, she endeavored to revive her personal capacity claims against Williams and included claims against Kelly in both his personal and professional capacities. *Id.* at *6; *Alegria v. Texas*, No. G–06–0212, 2006 WL 2591072, at *1 n.1 (S.D. Tex. Sept. 7, 2006) (order granting in part and denying in part defendant's motion to dismiss). Along the way, plaintiff's theories of liability and prayers for relief evolved in response to several motions to dismiss or for summary judgment. We need not here detail the nature of this evolution nor the procedural history in which it unfolded. For our purposes, it is sufficient to note that the district court "allowed the plaintiff extraordinary leeway in submitting numerous briefs and other written materials" and it "expended considerable time . . . performing independent research." *Alegria v. Texas*, No. G–06–0212, 2008 WL 686161, at *10 n.31 (S.D. Tex. Mar. 7, 2008) (memorandum order and opinion).

B. *In a series of four orders, the district court disposed of each of plaintiff's claims.*

1. *Plaintiff's § 1983 claims.*

The district court granted the State and Kelly and Williams in their professional capacities summary judgment of plaintiff's §1983 claims. The court explained (and plaintiff later conceded) that the State's sovereign immunity

under the Eleventh Amendment barred plaintiff's prayer for monetary damages. *Alegria*, 2007 WL 2688446, at *2 & n.5 (Sept. 11, 2007); *Alegria,* 2006 WL 2591072, at *2 (Sept. 7, 2006). Plaintiff's early pleadings referenced declaratory and prospective injunctive relief, though it was "somewhat unclear exactly what injunctive relief [she was] seeking." *Id.* at *2 n.4. Despite the district court's "hop[e] that the relief sought . . . and the legal authority allowing such relief w[ould] be more fully hashed out," *id.*, plaintiff subsequently abandoned her claims for such relief. *Alegria v. Texas*, No. G–06–0212, 2007 WL 3256586, at *16 (S.D. Tex. Nov. 2, 2007) (memorandum opinion and order) ("The court construes plaintiff's statement that she is no longer seeking prospective injunctive relief as an abandonment of those claims.").

The district court also granted Kelly in his personal capacity summary judgment of plaintiff's §1983 claims, concluding that he was entitled to qualified immunity. *Alegria*, 2007 WL 2688446, at *4–10 (Sept. 11, 2007). The court concluded that plaintiff failed to present any evidence showing that Kelly personally participated in the alleged sexual harassment. *Id.* at *5–6. It also held that plaintiff failed to raise a genuine issue of material fact for trial as to whether the constitutional violation of which plaintiff complained was causally connected to Kelly's failure to train and/or supervise his employees, or whether Kelly's failure to train and/or supervise his employees reflected deliberate indifference to the risk that plaintiff would suffer sexual harassment at Williams' hands. *Id.* at *6–9.

Lastly, the district court dismissed without prejudice plaintiff's §1983 claim against Williams in his personal capacity. *Alegria*, 2008 WL 686161, at *10 (Mar. 7, 2008). It explained that Williams had only been served with plaintiff's first amended complaint, which only alleged claims against him in his official capacity. Because plaintiff did not show good cause for her failure to serve Williams with her third amended complaint, which endeavored to add the

personal capacity claims against Williams, the district court dismissed those claims pursuant to FED. R. CIV. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time").

   2.  *Plaintiff's Title IX claims.*

The court granted the defendants summary judgment of plaintiff's Title IX claims. It first recognized that Title IX claims cannot be asserted against an individual, but only an "education program or activity receiving Federal financial assistance," 20 U.S.C. § 1681(a). *Alegria*, 2007 WL 3256586, at *6 (Nov. 2, 2007) (citing *Rowinsky v. Bryan Indep. Sch. Dist.*, 80 F.3d 1006 (5th Cir.) (*rev'd on other grounds*, *Davis* v. *Monroe County Bd. of Ed.*, 526 U.S. 629 (1999)); *see also Fitzgerald v. Barnstable Sch. Comm.*, 129 S. Ct. 788, 796 (2009) ("Title IX reaches institutions and programs that receive federal funds, . . . but it has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals[.]"). Plaintiff's Title IX claims against Williams and Kelly were thus improperly pleaded. Turning to plaintiff's Title IX claim asserted against the State, the court concluded that the State was entitled to summary judgment because plaintiff failed to present evidence from which a reasonable trier of fact could conclude that any state official with supervisory power over Williams had actual knowledge of the alleged harassment and responded with deliberate indifference. *Alegria*, 2007 WL 3256586, at *7–15 (Nov. 2, 2007).

   C.  Plaintiff now appeals the grant of summary judgment of: (i) her §1983 claims against Williams and Kelly in their professional capacities and (ii) her Title IX claim against the State. We note that there is some discussion of the defense of qualified immunity in plaintiff's brief. Appellant Brief 54–58. However, we do not construe this discussion to present a challenge to the grant

of summary judgment of plaintiff's §1983 claim against Kelly in his personal capacity. Neither plaintiff's statement of the issues presented nor the structure of her argument demonstrate an intention to challenge the grant of qualified immunity in Kelly's favor; both are limited to the two challenges enumerated above. Moreover, in her discussion of her §1983 claims, plaintiff explicitly omits her personal capacity claim against Kelly. *Id.* at 47 ("As a preliminary matter, it should be noted that Kelly and Williams were sued in their official capacity and Williams was sued in his individual capacity."). Further, plaintiff does not limit her discussion of qualified immunity to arguments pertaining to her personal capacity claim against Kelly (and/or Williams). *Id.* at 55 (discussing "qualified immunity on behalf of Williams, Kelly, and the State of Texas"). Lastly, defendants called attention to plaintiff's failure to challenge the grant of summary judgment of her personal capacity §1983 claim against Kelly. Appellee Brief 21 n.11 ("Appellant asserts in her brief to this Court that her section 1983 claim against Kelly is made against him in his official capacity only."). In her reply brief, plaintiff did not argue to the contrary.

We have jurisdiction to review plaintiff's appeal under 28 U. S. C. §1291, and we review the district court's grant of summary judgment *de novo. Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

II.

*A. Plaintiff's §1983 claims against Williams and Kelly in their professional capacities.*

As the district court explained and plaintiff conceded, the State's Eleventh Amendment sovereign immunity bars the recovery of monetary damages under §1983. *Alegria*, 2007 WL 2688446, at *2 n.5 (Sept. 11, 2007); *Alegria*, 2006 WL 2591072, at *1 (Sept. 7, 2006); *see also, e.g., Hans v. Louisiana*, 134 U.S. 1 (1890). This immunity extends to plaintiff's official capacity claims against Williams and Kelly. *E.g., Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55

(1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent[.]"); *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945) (*overruled on other grounds by Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613 (2002)) ("When the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants."); *Turner v. Houma Mun. Fire and Police Civil Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000) (official capacity suit generally an action against the entity of which the defendant is an agent). The district court concluded that despite plaintiff's early allusions to prospective injunctive relief, she abandoned her effort to secure any relief other than monetary damages. *Alegria*, 2007 WL 3256586, at *16 (Nov. 2, 2007) ("The court construes plaintiff's statement that she is no longer seeking prospective injunctive relief as an abandonment of those claims."). The district court granted defendants summary judgment on the basis of this conclusion, which plaintiff does not challenge on appeal. Indeed, her briefs fail to make any mention of the relief she seeks. We thus find no basis to disturb the district court's disposition of her §1983 claims.

*B. Plaintiff's Title IX claim against the State.*

On appeal, the parties' legal arguments pertaining to plaintiff's Title IX claim have shifted once again. As noted above, Title IX, which abrogates the States' sovereign immunity from suit, extends liability to an "*education* program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a) (emphasis added). Before the district court, the defendants inexplicably failed to argue that the Galveston County Community Supervision and Corrections Department is not an "education program or activity" within the statute's ambit. *Alegria*, 2007 WL 3256586, at *8 n.13 (Nov. 2, 2007); *Alegria*, 2007 WL 2688446, at *12 & n.35 (Sept. 11, 2007). The district court thus "[a]ssum[ed] without deciding" that

Title IX applied and it granted the State summary judgment after assessing the merits of plaintiff's claim. *Alegria*, 2007 WL 3256586, at *8 (Nov. 2, 2007).

On appeal, plaintiff has conceded that the probation program at issue is not "education[al]." This concession was made explicitly by plaintiff's counsel during oral argument, and it is at least implicit in plaintiff's opening and reply briefs (as discussed below). The State vigorously pursued this contention in its brief, Appellee Brief 13–14, and during its oral argument. Plaintiff has not argued to the contrary or objected to the State's appellate position on waiver or other grounds. Reply Brief 3 (stating that the State's jurisdictional argument as to the scope of Title IX's abrogation of its sovereign immunity "can be raised at any stage of the proceeding"). *But see Neinast v. Texas*, 217 F.3d 275, 279 (5th Cir. 2000) (in certain circumstances a State may waive its sovereign immunity defense by failing to raise it). We also note that there is nothing in the record to suggest that the Galveston County Community Supervision and Corrections Department is an education program or activity for purposes of Title IX; the evidence is to the contrary. *E.g.*, R. 248 (Kelly Aff.) (explaining that the department is "charged with the supervision of persons sentenced to community supervision"). We thus accept the parties' mutual position on this issue.

We also conclude that it is fatal to plaintiff's Title IX claim. Title IX unequivocally applies only to an "education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Plaintiff has offered no support for her suggestion that we can nonetheless extend its application to the Galveston County Community Supervision and Corrections Department. Her efforts to this end are unavailing. Plaintiff contends that "[t]hough most Title IX cases involve education claims, the parameters of its scope have been broadly interpreted" and that "[i]t logically follows . . . that a community supervision officer should not be protected for activities which are proscribed by the statute." Appellant Brief 34–36. She offers two arguments in support of this contention.

First, she suggests that The Civil Rights Restoration Act of 1987 (Pub. L. No. 100–259, § 3(a), § 908, 102 Stat. 28, 28–29 (1988) (codified at 20 U.S.C. § 1687)), eliminated the "education" limitation of Title IX. She is mistaken. The Act did expand the reach of federal funding for purposes of Title IX by defining "program or activity" to include "'all operations of . . . a department, agency, special purpose district, or other instrumentality of a State or of a local government . . . any part of which is extended federal financial assistance.'" Reply Brief 3–4 (quoting 20 U.S.C. § 1687). However, it did nothing to alter Title IX's underlying requirement that the program or activity must be educational. Plaintiff fails to point to any educational program implicated by this dispute (or otherwise). The Civil Rights Restoration Act thus offers her no support.

Second, plaintiff stresses that "'Title IX was modeled after Title VI of the Civil Rights Act of 1964.'" Reply Brief 9 (quoting *Doe v. Smith*, 470 F.3d 331, 338 (7th Cir. 2006)). From this fact, she reasons that Title IX's "education" requirement should be ignored in light of the requirement's absence in the Title VI context. This argument is without merit. Whatever similarities may be shared by Title VI and Title IX, the statutes' respective scopes reflect a difference. *Cannon v. Univ. of Chicago*, 441 U.S. 677, 695 n.17 (1979) ("Although Title IX is applicable only to certain educational institutions receiving federal financial assistance, Title VI is applicable to additional institutions such as hospitals, highway departments, and housing authorities."). And while we have endorsed the unremarkable proposition that "'[b]ecause Title IX and Title VI use the same language, they should, as a matter of statutory interpretation, be read to require the same levels of protection and equality,'" this principle extends only insofar as the statutes "use the same language." *Flowers v. S. Reg'l Physician Servs., Inc.*, 247 F.3d 229, 233 n.4 (5th Cir. 2001) (considering claim under the Americans With Disabilities Act and quoting *Jeldness v. Pearce*, 30 F.3d 1220, 1227 (9th Cir.1994)).

Because plaintiff has conceded that the Galveston County Community Supervision and Corrections Department is not an education program or activity within the meaning of Title IX, her claim against the State fails as a matter of law. On this basis alone, we affirm the district court's grant of summary judgment.

### III.

Plaintiff's §1983 claims for monetary damages against the State and its officials are barred by the Eleventh Amendment. Her Title IX claim against the State fails as a matter of law because, as she has conceded, the Galveston County Community Supervision and Corrections Department is not an "education program or activity" within the statute's ambit. We thus affirm the district court's grant of summary judgment of these claims.

AFFIRMED.