**SCOTTSDALE INDEMNITY COMPANY, Plaintiff,**

v.

**RURAL TRASH SERVICE, INC., et al, Defendants.**

**Civil Action No. 4:15–CV–00619.**

United States District Court, S.D. Texas, Houston Division.

Signed Nov. 3, 2015.

---

40. Document No. 141 at 15 of 16.

41. Document No. 141, ex. A at 17; Document No. 141–4 at 114 of 154.

Ashley Maureen Parker, Mary Cazes Greene, Phelps Dunbar LLP, Houston, TX, for Plaintiff.

Brian Tagtmeier, Houston, TX, for Defendants.

### ORDER

ALFRED H. BENNETT, District Judge.

Before the Court is Plaintiff Scottsdale Indemnity Company's ("Scottsdale") Motion for Summary Judgment (Doc. # 14). Defendant Rural Trash Service, Inc. ("Rural Trash") has not filed a response. After considering the arguments and the record in this case, the Court grants Plaintiff's Motion.

## I. Background

This is a declaratory judgment action by Plaintiff Scottsdale Indemnity Company. Plaintiff seeks a judgment that it has no duty to defend its insured, Rural Trash, in a tort lawsuit. The tort lawsuit was brought by a Rural Trash employee, Joseph Rios, in connection with injuries that he suffered on the job.

Joseph Rios worked as a garbage truck driver for Rural Trash. Doc. # 1–2 at 2. On October 16, 2014, Rios was emptying dumpsters at a company called Bubble Tight USA ("Bubble Tight"). *Id.* A fire erupted in the dumpster, spilling into the storage area of Rios' truck. *Id.* Rios alleges that he left the truck to seek help, but other Rural Trash employees told him to get back into the truck and lower the burning dumpster to the ground to limit the scope of the fire and save the truck. *Id.* The fire triggered an explosion, which left Rios with severe burns on over thirty percent of his body. *Id.* On October 24, 2014, Joseph and Angela Rios filed suit against Rural Trash and Bubble Tight in Fort Bend County, Texas, alleging negligence and gross negligence. Doc. # 1–2.

At the time of the accident, Rural Trash held a commercial auto insurance policy from Scottsdale ("the Policy"). Doc. # 14 at 3. On November 21, 2014, Scottsdale accepted the defense of the case under a reservation of rights. *Id.* On March 9, 2015, Scottsdale filed this action seeking a declaratory judgment pursuant to 28 U.S.C. § 2201 that it has no duty to defend its insured, Rural Trash, in the Rios' lawsuit. Doc. # 1.

The Policy covers bodily injury and property damage to third parties, specifically

> all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto'.

Doc. # 14–2 at 26. But the Policy excludes coverage for employee injury or claims which might implicate Worker' Compensation:

**B. Exclusions**

This insurance does not apply to any of the following:

**3. Workers' Compensation**

> Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemploy-

ment compensation law or any similar law.

**4. Employee Indemnification And Employer's Liability**

"Bodily injury" to:

a. An "employee" of the "insured" arising out of and in the course of:

(1) Employment by the "insured"; or

(2) Performing the duties related to the conduct of the "insured's" business; or

b. The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.

This exclusion applies

(1) Whether the "insured" may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to worker's compensation benefits or to liability assumed by the "insured" under an "insured contract." For the purposes of the coverage form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

Doc. # 14–2 at 27–28. On September 30, 2015, Scottsdale moved for summary judgment, arguing that it has no duty to defend its insured, Rural Trash, because Rios' injury is excluded from coverage by the Policy.

## II. Legal Standard

### A. Summary Judgment

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a).

"The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by " 'showing'— that is, pointing out to the district court— that there is an absence of evidence to support the nonmoving party's case." *See Celotex*, 477 U.S. at 325, 106 S.Ct. 2548. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir.2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir.2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

When the moving party has met its Rule 56 burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir.2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by concluso-

ry allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir.2008).

### B. Interpretation of Insurance Policies

Interpretation of an insurance policy is a question of law. *Guaranty Nat'l Ins. Co. v. N. River Ins. Co.*, 909 F.2d 133, 135 (5th Cir.1990); *Data Specialties, Inc. v. Transcontinental Ins. Co.*, 125 F.3d 909, 911 (5th Cir.1997). "Under Texas law, the interpretation of insurance contracts is governed by the same rules that apply to contracts in general." *Id.* Where a clause is unambiguous, however, "a court cannot resort to the various rules of construction." *Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 665 (Tex.1987). If the policy is ambiguous, it "must be strictly construed in favor of the insured to avoid the exclusion." *Lincoln Gen. Ins. Co. v. Aisha's Learning Ctr.*, 468 F.3d 857, 859 (5th Cir.2006).

"The insured party bears the initial burden of showing that there is coverage, while the insurer bears the burden of showing that any exclusion in the policy applies." *United Nat. Ins. Co. v. Hydro Tank, Inc.*, 497 F.3d 445 (5th Cir.2007) (citing *Lincoln Gen'l Ins. Co. v. Reyna*, 401 F.3d 347, 350 (5th Cir.2005)). The insurer bears the burden of showing that a policy limitation or exclusion constitutes an affirmative defense to or avoidance of coverage. *See Lincoln Gen. Ins. Co.*, 468 F.3d at 859; Tex. Ins.Code Ann. § 554.002; *Crocker v. Am. Nat'l Gen. Ins.*

*Co.*, 211 S.W.3d 928, 931 (Tex.App.—Dallas 2007, no pet.). The Court strictly construes exceptions and limitations in an insurance policy against the insurer. *Canutillo Indep. Sch. Dist. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 99 F.3d 695, 701 (5th Cir.1996).

### III. Analysis

The Employee Exclusion in Rural Trash's Policy bars coverage for "bodily injury" to an "employee" of the insured "arising out of and in the course of employment." Doc. # 14–2 at 27–28. At the time of the accident, Rios was working as a garbage truck driver for Rural Trash. Doc. # 1–2 at 2. He was emptying dumpsters at Bubble Tight when the fire erupted. *Id.* He left the truck to seek help, but was ordered to reenter the truck by Rural Trash Service employees. *Id.* He was instructed to lower the burning dumpster to the ground to limit the scope of the fire and save the burning truck. *Id.* Accordingly, the Court is satisfied that Rios was acting in the course of his employment with Rural Trash at the time of the accident.

Rios' Complaint does not indicate whether Rios was an employee or an independent contractor of Rural Trash when the accident happened. It merely states that Rios was "working" for Rural Trash. Doc. # 1–2 at 2. However, whether Rios was an employee or independent contractor makes no difference for the purpose of coverage under the Policy because the defined term "employee" includes both.

Although the Policy does not directly define the term "employee," Form F of the Policy incorporates Texas state motor carrier regulations into the Policy.[1] Doc.

---

1. Texas law requires motor carriers operating in the state to maintain a minimum level of liability insurance. Tex. Transp. Code Ann. § 643.101; *Nat'l Cas. Co. v. Lane Exp., Inc.*, 998 S.W.2d 256, 263 (Tex.App.—Dallas 1999, pet. denied).

# 14–2 at 47 ("The certification amends the policy to provide insurance ... in accordance with the provisions of [any state motor carrier law or regulations]"). And those state regulations incorporate the definition of employee set out by the Federal Motor Carrier Safety Act of 1984. *See* 49 U.S.C. § 13906 (2000); Federal Motor Carrier Safety Regulations, 49 C.F.R. § 390.5 ("FMCSR"); *Martinez v. Hays Const., Inc.,* 355 S.W.3d 170, 183–184 (Tex. App.—Houston [1st Dist.] 2011), disapproved of on other grounds by *Gonzalez v. Ramirez,* 463 S.W.3d 499 (Tex.2015) (noting that Texas has adopted a majority of the FMCSR, including the definition of employee).

■ Under the FMCSR, "employee" is defined to include both employees and independent contractors. 49 C.F.R. § 390.5; *Consumers Cnty. Mut. Ins. Co. v. P.W. & Sons Trucking, Inc.,* 307 F.3d 362, 364–66 (5th Cir.2002) (observing that the Motor Carrier Safety Act eliminated distinction between employees and independent contractors). In *Consumers County,* the Fifth Circuit held that "the district court properly relied on § 390.5 to determine that [a truck driver] was an employee ... for purposes of the policy's employee exclusions." *Id.* at 367. Similarly here, "because [Rios was] an employee under § 390.5 regardless of whether he would have been considered an employee or an independent contractor at common law, the [P]olicy's employee exclusion[ ] appl[ies] to preclude coverage in this case." *Id.*[2] Therefore, the Court finds that the Policy bars coverage, and Plaintiff has no duty to defend its insured Rural Trash in the Rios' lawsuit.

## IV. Conclusion

For the reasons explained above, Defendant's Motion for Partial Summary Judgment is GRANTED.

It is so ORDERED.

---

**2.** Scottsdale also argues that the Workers' Compensation Exclusion in the Policy bars coverage. But having found that the Employee Exclusion bars coverage, the Court will not reach that issue. In addition, Scottsdale points out that Rural Trash admitted that Rios was its employee during discovery in the state court case. But under the "eight-corners" rule, a court generally cannot rely on extrinsic evidence in adjudicating an insurer's duty to defend, and must instead rely on "the third-party plaintiff's pleadings, considered in light of the policy provisions, without regard to the truth or falsity of those allegations." *Star–Tex Res., L.L.C. v. Granite State Ins. Co.,* 553 Fed.Appx. 366, 369 (5th Cir.2014) (citing *GuideOne Elite Ins. Co. v. Fielder Road Baptist Church,* 197 S.W.3d 305, 308 (Tex.2006)).