# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41170
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 29, 2017

Lyle W. Cayce
Clerk

TIMOTHY JAMES FRYAR,

Plaintiff-Appellant

v.

DUSTIN STACKS; MARTIN HALL; SEAN LEWERS,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:15-CV-792

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Timothy James Fryar, Texas prisoner # 1961774, filed a civil rights complaint alleging that he was subjected to excessive force during his arrest by three sheriff's deputies with the Grayson County Sheriff's Department. The district court granted summary judgment in favor of the deputies and dismissed Fryar's complaint with prejudice.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41170

On appeal, Fryar argues that the district court erred in concluding that his excessive force claim was barred under *Heck v. Humphrey*, 512 U.S. 477 (1994) and, alternatively, that the deputies were entitled to qualified immunity. He argues that a material factual dispute remains with respect to whether the deputies attacked him after placing him in handcuffs. He also moves to supplement the record on appeal with photographs of injuries to his face and hands, which he submits "clearly show evidence of excessive force."

Fryar was convicted of evading arrest/detention in violation of Texas Penal Code § 38.04(a). A person violates § 38.04(a) "if he intentionally flees from a person he knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him." "One of the elements of the offense of evading arrest is that the attempted arrest is lawful." *Porter v. State*, 255 S.W.3d 234, 236 (Tex. App. 2008) (citation and internal quotation marks omitted).

Fryar's claim that his arrest was unlawful because it involved the use of excessive force would negate an element of the underlying criminal offense of evading arrest/detention to which he pleaded guilty. *See Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008). Therefore, his excessive force claim is barred under *Heck* unless Fryar can show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 487. Fryar has failed make such a showing. As such, the district court did not err in granting summary judgment based on *Heck*. We need not resolve the issue of qualified immunity given that Fryar's claims are barred by *Heck*. *See Connors v. Graves*, 538 F.3d 373, 378 (5th Cir. 2008).

No. 16-41170

Although Fryar argues that there is a genuine issue of material fact regarding whether the deputies used force against him after he was handcuffed, he presented no summary judgment evidence. As such, he failed to rebut the deputies' statements in their affidavits that no excessive force was used after Fryar was handcuffed. A party opposing a properly supported summary judgment motion may not rest upon mere allegations contained in the pleadings to demonstrate a genuine issue of material fact. *Stauffer v. Gearhart*, 741 F.3d 574, 581 (5th Cir. 2014).

Based on the foregoing, the judgment of the district court is AFFIRMED. Fryar's motion to supplement the record on appeal is DENIED.