# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50562
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2018

Lyle W. Cayce
Clerk

YOUNG H. KIM,

      Plaintiff–Appellant,

v.

HOSPIRA, INCORPORATED,

      Defendant–Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:15-CV-1088

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

      Young H. Kim was terminated from his employment at Hospira, Inc. (Hospira). Kim sued Hospira for age- and national origin-based discrimination under the Age Discrimination in Employment Act (ADEA) and Title VII of the Civil Rights Act of 1964. The district court granted Hospira's motion for summary judgment on both claims. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50562

# I

Young Kim is a Korean-American who was employed as a Production Operator at Hospira, a pharmaceutical and medical device company, from 1999 until his termination in 2015. While at Hospira, Kim was involved in the production of plastic IV fluid bags. After he allegedly failed to discover a number of defective bags over a four month period, Hospira terminated Kim's employment. He was 69 years old at the time of termination.

Kim then brought this suit against Hospira, alleging unlawful age- and national origin-based discrimination under the ADEA and Title VII, respectively. The district court granted summary judgment for Hospira, finding that Kim had failed to establish a prima facie case for either form of discrimination. This appeal followed.

# II

We review a district court's grant of summary judgment de novo.[1] "Summary judgment is required when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"[2] "Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating . . . that there is an issue of material fact warranting trial.'"[3] The non-movant must then "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'"[4] Mere "allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to

---

[1] *See, e.g.*, *BP Oil Int'l., Ltd. v. Empresa Estatal Petroleos de Ecuador*, 332 F.3d 333, 336 (5th Cir. 2003).

[2] *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (quoting FED. R. CIV. P. 56(a)).

[3] *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995) (per curiam)).

[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting FED. R. CIV. P. 56(e)).

No. 17-50562

defeat a motion for summary judgment."[5]  We "view[] the evidence in the light most favorable to the nonmoving party."[6]

## III

The district court properly granted summary judgment on Kim's ADEA claim.  Where, as here, an age discrimination claim relies on circumstantial evidence, the plaintiff has the initial burden to establish a prima facie case of discrimination.[7]  To meet this burden, Kim must show: "(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age."[8]  Kim may show that he was "otherwise discharged because of his age" by establishing that a comparable employee benefited from disparate treatment under "nearly identical" circumstances[9]—that is, the two employees "held the same job or responsibilities, shared the same supervisor . . . and have essentially comparable violation histories."[10]

Kim failed to make a prima facie case of age discrimination.  In his opposition to summary judgment in the district court, Kim did not allege that he was replaced by a younger employee or someone outside his protected class. He now claims that he was replaced by a younger worker but provides no evidence to support this assertion.  Such a bare allegation is insufficient to

---

[5] *Clark v. Am.'s Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997) (citing *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995)).

[6] *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

[7] *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).

[8] *Id.* (quoting *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309 (5th Cir.2004)).

[9] *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 353 (5th Cir. 2007) (quoting *Perez v. Tex. Dep't of Criminal Justice, Inst'l Div.*, 395 F.3d 206, 213 (5th Cir. 2004)).

[10] *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009) (citing *Little v. Republic Ref. Co., Ltd.*, 924 F.2d 93, 97 (5th Cir. 1991) (dismissing an ADEA claim)).

No. 17-50562

meet the summary judgment burden.[11]  He has also failed to provide evidence of employees with similar violation histories being treated differently than him.    He has not established the fourth prong of a prima facie age discrimination claim.[12]    The district court correctly granted summary judgment in favor of Hospira on this claim.

## IV

The district court also properly granted summary judgment on Kim's Title VII claim.  Kim is required to make a prima facie showing of national origin discrimination by alleging that he was: "(1) a member of a protected class; (2) qualified for the position held; (3) subject to an adverse employment action; and (4) treated differently from others similarly situated."[13]  Much like in his ADEA claim, Kim must show that a comparable employee was treated differently under "nearly identical" circumstances.[14]  Because he was unable to establish that any comparable employees had similar disciplinary records, Kim failed to meet the fourth prong of the prima facie standard for national origin discrimination.  Summary judgment for Hospira was appropriate on this claim as well.

\*        \*        \*

For these reasons, the judgment of the district court is AFFIRMED.

---

[11] *See Clark v. Am.'s Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997).

[12] *See Lee*, 574 F.3d at 260.

[13] *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005) (per curiam).

[14] *Lee*, 574 F.3d at 260.