ALD-082                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2794
_____

GREGORY JOSEPH. PODLUCKY,
Appellant

v.

COMMISSIONER OF INTERNAL REVENUE; THOMAS A. CZERSKI;
TIMOTHY D. MARSH; GARY AMOROSO; LISA GAPSKY;
THOMAS TAYLOR; JAMES Y. GARRETT; ROBERT CESSAR; LEE KARL,
Individually and in their official capacities

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:20-cv-00343)
District Judge:  Honorable Alan N. Bloch

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 10, 2022

Before:  JORDAN, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>
(Opinion filed: May 2, 2022)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2020, Appellant Gregory J. Podlucky initiated a federal lawsuit against several federal employees under 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), alleging various constitutional violations related to previous criminal proceedings against him. Those criminal proceedings culminated in 2011, when he pleaded guilty to income tax evasion, mail fraud, and conspiracy to commit money laundering in three separate criminal cases brought in the United States District Court for the Western District of Pennsylvania. The same year, he was sentenced to 240 months of imprisonment and ordered to pay restitution in the amount of $661,324,329.81. His appeal was dismissed in 2012, pursuant to an appeal waiver contained in his plea agreement. His subsequent motion under 28 U.S.C. § 2255 was denied pursuant to the same waiver, and, in 2015, this Court denied his request for a certificate of appealability.

In Podlucky's 2020 civil lawsuit, the District Court issued an order directing him to show cause why the complaint was not subject to dismissal for frivolousness and for failure to state a claim on the basis, *inter alia*, that it was untimely and the claims therein were barred by the favorable-termination rule of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). Podlucky then filed a request for the entry of default against the defendants, which did not address the timeliness of his complaint or <u>Heck</u>. The District Court dismissed the complaint sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim, on the basis that it was untimely and <u>Heck</u>-barred. Podlucky filed a timely notice of appeal, and in this Court he has filed an argument in support of his appeal.

2

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review of the District Court's sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  "[W]e accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff."  Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  We may summarily affirm if the appeal fails to present a substantial question.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

The District Court correctly concluded that three of Podlucky's claims were Heck-barred.  "In Heck, the Supreme Court held that a [42 U.S.C.] § 1983 suit should be dismissed when 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'"  Long v. Atl. City Police Dep't, 670 F.3d 436, 447 (3d Cir. 2012) (second alteration in original) (quoting Heck, 512 U.S. at 487)); see also Lora-Pena v. FBI, 529 F.3d 503, 505 n.2 (3d Cir. 2008) (per curiam) ("[T]he reasoning in Heck has been applied to bar Bivens claims.").  Three of Podlucky's claims—the claims challenging the District Court's jurisdiction over his criminal proceedings, challenging the validity of his guilty plea, and alleging Brady[1] violations— if successful, would necessarily imply the invalidity of his conviction.  See Connors v. Graves, 538 F.3d 373, 378 (5th Cir. 2008); Amaker v. Weiner, 179 F.3d 48, 51 (2d Cir.

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

3

1999). Because his criminal judgments have not been vacated, these claims are barred by Heck. However, the District Court erred in dismissing these claims with prejudice as he may bring them later if his convictions are invalidated. See Heck, 512 U.S. at 489-90 (stating that a § 1983 claim based on an allegedly unconstitutional conviction or sentence does not accrue until the invalidation of that conviction or sentence); Curry v. Yachera, 835 F.3d 373, 379 (3d Cir. 2016) (modifying dismissal of Heck-barred malicious prosecution claims to reflect that the claims are dismissed without prejudice).

The remainder of Podlucky's claims, which raise technical challenges to the IRS's use of its summons authority and searches in which officials discovered inculpatory evidence, while not Heck-barred, see generally Estate of Lagano v. Bergen Cnty. Prosecutor's Office, 769 F.3d 850, 861 (3d Cir. 2014); Smith v. City of Chi., 3 F.4th 332, 338-39 (7th Cir. 2021), were untimely.[2] The statute of limitations is an affirmative defense. See Fed. R. Civ. P. 8(c). However, a court may dismiss claims sua sponte if a time-bar is obvious from the face of the complaint and no further development of the record is necessary. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); see also Jones v. Bock, 549 U.S. 199, 215 (2007); Vasquez Arroyo v. Starks, 589 F.3d 1091, 1097 (10th Cir. 2009). The District Court properly concluded these claims were time-barred. Claims under Bivens are governed by a state's statute of limitations for personal injury claims. Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010); Napier v. Thirty or More Unidentified Fed. Agents, Emps., or Officers, 855 F.2d 1080, 1087-88 n.3 (3d Cir.

---

[2] The statute of limitations does not bar the Heck-barred claims because they have not yet accrued. See Curry, 835 F.3d at 379.

4

1988).  Pennsylvania's limitations period is two years.  42 Pa. Cons. Stat. § 5524; Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 78-79 (3d Cir. 1989).  As carefully explained by the District Court, Podlucky's current allegations are generally based on events from before he was sentenced in 2011 and, most generously, could be read to have occurred as late as 2014.  Therefore, it is apparent from his allegations that his complaint needed to be filed by 2016, at the latest, well before he filed in 2020.  Although Podlucky was given the opportunity to demonstrate timeliness, he failed to assert any basis for tolling the statute.  For these reasons, the District Court did not err in holding that the remainder of Podlucky's claims were time-barred.[3]

Accordingly, we will summarily affirm the judgment of the District Court, but we will modify the order of dismissal as to the Heck-barred claims to reflect that they are dismissed without prejudice.

_____

[3] In this Court, Podlucky has claimed that he did not receive the order to show cause. However, because his filing in this Court does not present any meritorious challenges to the District Court's order, remand is unnecessary.

5