# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 23, 2026

Lyle W. Cayce
Clerk

No. 25-30416
Summary Calendar

———————————

Bryan Wayne Landry,

*Plaintiff—Appellant*,

*versus*

Michel Singley, *#2078*; Jay Russell, *Sheriff, Ouachita Parish*;
Timothy Fisher, *#2548*; FNU Rutledge, *#0057*; Mike Moore,
*Major*; Ouachita Parish Sheriff's Department; FNU
Muirhead, *#2237*; FNU Antley, *#2181*,

*Defendants—Appellees*.

———————————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:25-CV-780

———————————————————————————

Before Wiener, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Bryan Wayne Landry, *pro se*, filed a 42 U.S.C.
§ 1983 action in which he asserted claims for false arrest and unlawful search.
He claimed that (1) his image and a summary of the criminal charges against

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

him were posted online by the defendants, and (2) he was subject to excessive force by the officers who entered his home and arrested him. The district court dismissed the false arrest and unlawful search claims under *Heck v. Humphrey*, 512 U.S. 477 (1994), and ordered that the remaining claims be dismissed as untimely, frivolous, and for failure to state a claim. We review the district court's dismissal *de novo*. *See Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).

Landry asserts that the district court misapplied *Heck*. He contends that his underlying convictions are invalid because he did not enter a valid guilty plea to the offense. But this is "an issue properly raised only in either a direct appeal or a habeas proceeding." *Connors v. Graves*, 538 F.3d 373, 378 (5th Cir. 2008). Landry has not otherwise challenged the application of the *Heck* bar to his case. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Landry also challenges the determination that his claim of excessive force was untimely. He asserts that he is entitled to equitable tolling based on the physical injuries and psychological trauma that he sustained. However, the Louisiana statute that governs § 1983 actions does not provide for equitable tolling, *see In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 995 F.3d 384, 389–91 (5th Cir. 2021), and Landry has not presented exceptional circumstances that merit application of the comparable doctrine of *contra non valentem*, *see id.*; *Corsey v. State Dep't of Corr.*, 375 So. 2d 1319, 1321–22 (La. 1979). Moreover, while Landry argues that he is entitled to tolling based on the continuing harm resulting from the posting of his arrest record online, he does not explain how the posting of his image relates to the timeliness of his claim that the arresting officers used excessive force against him. *See Grant*, 59 F.3d at 524; *Brinkmann*, 813 F.2d at 748. Landry's timeliness argument is also inapposite to his claim for relief based on the posting of his image because

the district court did not dismiss that claim as untimely but for failure to state a claim for relief, and Landry has not articulated any challenge to that ruling. *See Grant*, 59 F.3d at 524; *Brinkmann*, 813 F.2d at 748.

Landry also claims that the district court did not afford his pleadings liberal construction. *Pro se* filings are entitled to liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, Landry does not give examples in support of his assertion or explain how a more liberal construction of his filings might have affected the disposition of his claims. The record otherwise belies his argument.

Landry's remaining arguments do not entitle him to relief. We will not review his Eighth Amendment claim because he raises it for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 341–42 (5th Cir. 1999). In addition, he has effectively forfeited his claim that his property was stolen during the search of his home because he raised that argument initially in his objections to the magistrate judge's report. *See Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 369 (5th Cir. 2024).

AFFIRMED.