VANESSA D. GILMORE, UNITED STATES DISTRICT JUDGE
Pending before the Court are Defendants' Motion for Summary Judgment (Instrument No. 23 ) and Defendants' Motion to Strike Plaintiffs' Amended Complaint. (Instrument No. 31).
I.
A.
Plaintiffs Jeffrey W. Terry, Tony Babb, Jason Fowlkes, Robert McDaniel, and Matthew Clippard (collectively, "Plaintiffs") seek to recover overtime compensation under the Fair Labor Standards Act ("FLSA") from Defendants Chicago Bridge & Iron Company; CB & I Services, Inc.; CB & I Construction Services, LLC; CB & I Services, LLC; and Stone & Webster Services, LLC (collectively, "Defendants"). (Instrument No. 28 at 1). Plaintiffs bring suit on behalf of themselves and all others similarly situated as Straight Time Workers of Defendants, which operate collectively as a single enterprise known as CB & I. Id. at 5. CB & I provides engineering, inspection, and safety services to clients in the energy industry, and Plaintiffs worked for Defendants as quality control inspectors or health, safety, and environmental supervisors ("HSE supervisors"). Id. at 1-4.
B.
Plaintiff Jeffrey W. Terry ("Terry") initiated this case on behalf of himself and all others similarly situated on February 6, *604 2017. (Instrument No. 1). Terry worked as an HSE supervisor for CB & I from February 2016 to May 2016. (Instrument No. 28 at 6). On August 10, 2016, Terry filed an administrative wage claim with the Texas Workforce Commission ("TWC") to receive unpaid wages from CB & I pursuant to Chapter 61 of the Texas Labor Code. (Instrument No. 23-1 at 7). On November 18, 2016, the TWC ordered CB & I to pay Terry $6,990.10 in unpaid wages. Id.
On June 7, 2017, Defendants filed a motion for summary judgment, in which they assert that Terry's FLSA overtime claim is barred by collateral estoppel because he already secured relief before the TWC. (Instrument No. 23). On June 27, 2017, Plaintiffs filed a First Amended Complaint that added named Plaintiffs Tony Babb, Jason Fowlkes, Robert McDaniel, and Matthew Clippard. (Instrument No. 28). Plaintiff Tony Babb ("Babb") also brought an overtime claim under the Pennsylvania Minimum Wage Act ("PMWA") on behalf of himself and all other similarly situated CB & I employees in the Commonwealth of Pennsylvania. Id. at 2.
On June 28, 2017, Plaintiffs filed a response in opposition to Defendants' motion for summary judgment, in which they claim that collateral estoppel does not apply because the TWC lacks jurisdiction to consider FLSA claims. (Instrument No. 29 at 5). On July 6, 2017, Defendants filed a motion to strike Plaintiffs' First Amended Complaint. (Instrument No. 31). That same day, Defendants submitted a reply in support of their motion for summary judgment. (Instrument No. 32). Plaintiffs filed a response in opposition to Defendants' motion to strike on July 27, 2017, (Instrument No. 38), and Defendants submitted a reply in support of their motion to strike on August 1, 2017. (Instrument No. 39).
On October 2, 2017, Plaintiffs filed a motion for conditional class certification of "all field, non-manual exempt workers" employed by Defendants during the last three years. (Instrument No. 52 at 5). Defendants then moved for a protective order to stay the response deadline until the Court rules on the motion for summary judgment and the motion to strike. (Instrument No. 58). On November 9, 2017, the Court granted Defendants' motion for a protective order and granted Defendants five days from the date of this Order to file a response to the motion for conditional class certification. (Instrument No. 63).
II.
Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) ; Celotex Corp. v. Catrett , 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The "movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." Triple Tee Golf, Inc. v. Nike, Inc. , 485 F.3d 253, 261 (5th Cir. 2007). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." Sossamon v. Lone Star State of Tex. , 560 F.3d 316, 326 (5th Cir. 2009). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "showing-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." Celotex , 477 U.S. at 325, 106 S.Ct. 2548. While the *605 party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. Boudreaux v. Swift Transp. Co. , 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." United States v. $92,203.00 in U.S. Currency , 537 F.3d 504, 507 (5th Cir. 2008) (quoting Little v. Liquid Air Corp. , 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).
After the moving party has met its burden, in order to "avoid a summary judgment, the nonmoving party must adduce admissible evidence which creates a fact issue concerning the existence of every essential component of that party's case." Thomas v. Price , 975 F.2d 231, 235 (5th Cir. 1992). The party opposing summary judgment cannot merely rely on the contentions contained in the pleadings. Little , 37 F.3d at 1075. Rather, the "party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim," Ragas v. Tennessee Gas Pipeline Co. , 136 F.3d 455, 457, 458 (5th Cir. 1998) ; Baranowski v. Hart , 486 F.3d 112, 119 (5th Cir. 2007). Although the court draws all reasonable inferences in the light most favorable to the nonmoving party, Connors v. Graves , 538 F.3d 373, 376 (5th Cir. 2008), the nonmovant's "burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." Boudreaux , 402 F.3d at 540 (quoting Little , 37 F.3d at 1075 ). Similarly, "unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment." Clark v. Am's Favorite Chicken , 110 F.3d 295, 297 (5th Cir. 1997).
III.
Defendants move for summary judgment on the basis that Plaintiff Terry has already secured all relief to which he is entitled from the TWC. (Instrument No. 23 at 1). Additionally, Defendants seek to strike Plaintiffs' amended complaint by asserting that Plaintiffs cannot cure jurisdictional deficiencies after filing suit. (Instrument No. 31 at 2). Plaintiffs oppose these motions on the basis that Plaintiff Terry did not, and could not, bring FLSA claims before the TWC because the TWC lacks jurisdiction over such claims. (Instrument No. 29 at 3). Plaintiffs argue that Plaintiff Terry is still entitled to FLSA remedies, including liquidated damages, and that any partial relief he recovered before the TWC does not thwart jurisdiction for other named Plaintiffs. Id.
A.
The FLSA requires employers to pay one-and-one-half times the employee's regular rate for all hours worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1). The Texas Payday Law ("TPL") requires employers to promptly and regularly pay employees the full amount of wages due. Igal v. Brightstar Info. Tech. Grp., Inc. , 250 S.W.3d 78, 82 (Tex. 2008). Although it does not contain a specific overtime provision, the TPL requires employers to pay wages owed to employees in full, on time, and on regularly scheduled paydays. Tex. Lab. Code § 61.011. The TPL also allows employees who have been denied wages to file wage claims with the TWC. Tex. Lab. Code § 61.051. "TWC's procedures are designed to resolve claims expeditiously and inexpensively, and it uses abbreviated mechanisms of an adversarial judicial process to *606 adjudicate wage claims." Igal , 250 S.W.3d at 82.
"It is axiomatic that the FLSA arises under federal law whereas the Texas Payday Law arises under state law." Barreraz v. Dennis Energy Servs., Inc. , No. 7:15-CV-193-DAE, 2016 WL 8711407, at *2 (W.D. Tex. Aug. 19, 2016) (emphasis in original). "The two statutory authorities are mutually exclusive because they were enacted by separate sovereigns." Id. Although state and federal courts have concurrent jurisdiction to consider FLSA claims, 29 U.S.C. § 216(b), the TWC lacks such jurisdiction. See Thakkar v. Balasuriya , No. CIV.A.H-09-0841, 2009 WL 2996727, at *6 (S.D. Tex. Sept. 9, 2009) (Lake, J.) ("Defendants do not argue, and the court does not find, that the TWC had jurisdiction to hear Thakkar's FLSA claims.").
In Thakkar , the court held that res judicata , or claim preclusion, does not apply to FLSA overtime claims that could not have been brought before the TWC. Id. at *6. Under Texas law, the elements of res judicata are: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." Igal , 250 S.W.3d at 86 (emphasis added).
Here, as in Thakkar , Plaintiff Terry could not have brought his FLSA claim before the TWC. Instead, he could only bring a claim for unpaid wages under the TPL, which does not contain a specific overtime provision. See Tex. Lab. Code § 61.011. In the TWC's Preliminary Wage Determination Order dated November 18, 2016, the TWC found that Defendant CBI Services, Inc. was required to pay Plaintiff Terry $6,232.00 in "unpaid wages," without specifying which wages were owed for overtime. (Instrument No. 23-3 at 43). The TWC also found that Plaintiff Terry was entitled to $758.10 for vacation pay and $1,900.00 for sick pay-damages that are specifically included in the TPL but absent from the FLSA. Id. Because Plaintiff Terry's FLSA claim could not have been brought before the TWC, res judicata does not apply.
Defendants nevertheless argue that collateral estoppel, or issue preclusion, should be used to prevent Plaintiff Terry from prevailing on his FLSA claim. (Instrument No. 23-1 at 9). Collateral estoppel is narrower than res judicata. See Avila v. St. Luke's Lutheran Hospital , 948 S.W.2d 841, 847-48 (Tex. App.-San Antonio 1997, writ denied). "Collateral estoppel bars only the relitigation of identical issues of fact or law that were actually litigated and essential to the judgment in a prior suit; collateral estoppel does not bar issues that might have been, but were not, raised and adjudicated in a prior proceeding." Thakkar , 2009 WL 2996727, at *7. "A party seeking to invoke the doctrine of collateral estoppel must establish (1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." Bonniwell v. Beech Aircraft Corp. , 663 S.W.2d 816, 818 (Tex. 1984)
In Thakkar , the court used the doctrine of collateral estoppel to grant summary judgment on the plaintiff's FLSA claim where the plaintiff had previously lost a TPL claim for unpaid wages before the TWC. See 2009 WL 2996727, at *8. Because the TWC had made a finding of fact that the plaintiff had been "paid for all hours worked by him, and that he did not work any overtime," that finding had preclusive effect in federal court. Id. Similarly, in Stewart v. Pearland Capital Group, LP , the court granted summary judgment *607 on the plaintiff's FLSA claim where the TWC had previously found that the plaintiff was paid the "correct amount" and not entitled to overtime wages under the TPL. No. CV H-16-948, 2017 WL 3492315, at *3 (S.D. Tex. Aug. 15, 2017) (Rosenthal, J.).
The present case is distinguishable from Thakkar and Stewart because Plaintiff Terry prevailed before the TWC. In Thakkar and Stewart , the plaintiffs were estopped from proceeding in federal court because the TWC made a finding of fact that they were paid for all hours worked. See ion index="36" url="https://cite.case.law/citations/?q=2017%20WL%203492315">id. ; see also 2009 WL 2996727, at *8. Here, the TWC made a finding of fact that Plaintiff Terry was not compensated for all hours worked without specifically addressing which wages were owed for overtime. See (Instrument No. 23-3 at 50). Moreover, the TWC did not address Plaintiff's FLSA claim for liquidated damages, which could not have been litigated before the TWC. See id. Pursuant to the FLSA, an employer who fails to pay overtime may be liable not only for unpaid wages but also for "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). A court may decline to award such damages if it concludes that the employer acted in "good faith" and had "reasonable grounds" to believe that its actions complied with the FLSA. Singer v. City of Waco, Tex. , 324 F.3d 813, 822-23 (5th Cir. 2003). However, there is a "substantial burden" on the employer to demonstrate good faith and a reasonable belief that its actions were not in violation of the FLSA. Id.
Defendants argue that Plaintiff Terry should be estopped from seeking liquidated damages because the TWC did not assess a penalty against Defendant CBI Services, Inc. for acting in bad faith. (Instrument No. 23-1 at 13). However, the TPL imposes a different legal standard for the administrative penalty of "bad faith" than the liquidated damages provision of the FLSA. See Tex. Lab. Code § 61.053. Thus, the fact that the TWC did not impose an administrative penalty on Defendant CBI Services, Inc. does not collaterally estop Plaintiff Terry from pursuing the FLSA remedy for liquidated damages in federal court. Although the wages that the TWC ordered Defendants to pay Plaintiff Terry may be factored into any future damages calculations for his FLSA claim, the doctrine of collateral estoppel does not bar Plaintiff Terry from bringing this claim to secure all remedies to which he is entitled.
Accordingly, summary judgment is DENIED on Plaintiff Terry's claim for overtime wages under the FLSA.
B.
Defendants' Motion to Strike Plaintiffs' Amended Complaint is premised on the argument that "a party may not amend its complaint under Fed. R. Civ. P. 15 to create jurisdiction where none previously existed, even by adding new causes of action or new parties." (Instrument No. 31 at 2) (citing United States ex rel. Jamison v. McKesson Corp. , 649 F.3d 322, 328 (5th Cir. 2011) ). The Motion presupposes that Plaintiff Terry's overtime claims "were barred by issue preclusion and were moot" and that new claims and parties were added to the lawsuit only in "an obvious attempt to avoid Defendant's argument ... that this Court lacked subject matter jurisdiction over this lawsuit." (Instrument No. 31 at 2-4). Besides claiming that Plaintiff Terry's overtime claim was barred by collateral estoppel, Defendants do not state any reason for why Plaintiffs' Amended Complaint should be stricken See ids="5715809" index="43" url="https://cite.case.law/f3d/649/322/#p328">id. Because this Court has jurisdiction over Plaintiff Terry's claim and Defendants do not raise any additional arguments, Defendants' Motion to Strike Plaintiffs' Amended Complaint is DENIED.
*608 IV.
For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment is DENIED. (Instrument No. 23). IT IS FURTHER ORDERED that Defendants' Motion to Strike Plaintiffs' Amended Complaint is DENIED. (Instrument No. 31).
The Clerk shall enter this Order and provide a copy to all parties.